Revised 09/25

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIA C. RODRIQUEZ,
    Plaintiff,

v.                                                                          Case No. 8:25-CV-2530

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,
    Defendant[s].

_____

### DEFENDANT LUIS NUNEZ'S STATEMENT (CIVIL) UNDER
### RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03

> The disclosures in this statement will contribute to evaluating judicial recusal and diversity of citizenship. A summary of the law of recusal and citizenship accompanies this statement. Each party must revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy. The privacy protection of Rule 5.2, Federal Rules of Civil Procedure, applies to the disclosures.

### Recusal Information

1. If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.

   None.

2. Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.

   None.

3. Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.

   None.

Revised 09/25

4. If this is a bankruptcy appeal, identify the debtor, the trustee, and the members of the creditors' committee.

   None.

5. Identify any entity or natural person not already disclosed and likely to actively participate in this action.

   None.

6. Identify any conflict of interest affecting the district judge or the magistrate judge in this action.

   None.

## Citizenship Information

Defendant Nunez is a United States Citizen whose address is 5375 NW 116th Avenue, Coral Springs, FL 33076.

7. If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.

   Not applicable.

8. If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized.

   Not applicable.

REVISED 09/25

## Certificate

The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.

Signed:

Byron Acosta, Esq.,

2393 S Congress Ave, Suite 207
Wes Palm Beach, FL, 33406
byron@byronacostalaw.com
561-805-3580

# Law for Disclosure Statement (Civil)

## Disclosure

**Fed. R. Civ. P. 7.1—Disclosure Statement**
**(a) Who Must File; Contents.**
   **(1)** *Nongovernmental Corporations.* A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:
      **(A)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
      **(B)** states that there is no such corporation.
   **(2)** *Parties or Intervenors in a Diversity Case.* In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
      **(A)** when the action is filed in or removed to federal court, and
      **(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).
**(b) Time to File; Supplemental Filing.**
A party, intervenor, or proposed intervenor must:
   **(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
   **(2)** promptly file a supplemental statement if any required information changes.

**Local Rule 3.03—Disclosure Statement**
With the first appearance, each party in a civil action must file a disclosure statement using the standard form from the clerk or the court's website.

## Recusal and Disqualification

**28 U.S.C. § 455—Disqualification of justice, judge, or magistrate judge**
**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
**(b)** He shall also disqualify himself in the following circumstances:
   **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
   **(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
   **(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
   **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   **(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
      **(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
      **(ii)** Is acting as a lawyer in the proceeding;
      **(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
      **(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

**Case Law:** "Section 455 creates two primary reasons for recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). "A judge should recuse himself under § 455(a) when there is an appearance of impropriety." *Id.* "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Id.* (quoted authority omitted). "Thus, the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal[.]" *Id.* (internal citations, quotation marks, and quoted authority omitted). "On the contrary, a judge should recuse himself under § 455(b) when any of the specific circumstances … in that subsection exist, which show the fact of partiality." *Id.* "Recusal under this subsection is mandatory[] because the potential for conflicts of interest are readily apparent." *Id.* (internal quotation marks and quoted authority omitted).

## Diversity Jurisdiction

**28 U.S.C. § 1332—Diversity of citizenship; amount in controversy; costs**
**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
   **(1)** citizens of different States;
   **(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
   **(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
   **(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**Note:** Alleging jurisdiction in the negative (i.e., that a party is not the citizen of a particular state) is insufficient. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888).

**Natural Person:** A natural person's citizenship is equivalent to a domicile, which requires both residence in a state and an intent to remain there indefinitely; residence alone is insufficient. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013).

**Corporation:** A corporation is a citizen of every domestic or foreign state of incorporation and the domestic or foreign state of its principal place of business. 28 U.S.C. § 1332(c)(1).

**Limited Liability Company, Partnership, or Other Unincorporated Entity:** "[A] limited liability company, partnership, or other unincorporated entity is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an unincorporated entity, a party must identify each member or partner and the citizenship of each member or partner. *Id.* If a member or partner is also an unincorporated entity, its members must also be identified, continuing through however many layers of members or partners there are. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

**Class Action:** In the class action context, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

**Insurer:** "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
**(A)** every State and foreign state of which the insured is a citizen;
**(B)** every State and foreign state by which the insurer has been incorporated; and
**(C)** the State or foreign state where the insurer has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

"Direct action" means "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) (internal quotation marks, quoted authority, and emphasis omitted).

**Legal Representative of the Estate of a Decedent:** "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2).