**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA C. RODRIGUEZ,

      Plaintiff,

v.                                                    Case No: 8:25-cv-2530-JSM-LSG

LUX SEVEN AUTO SALES, CORP. and
LUIS NUNEZ,

      Defendants.

_____/

## CASE MANAGEMENT AND SCHEDULING ORDER

      This cause came on for consideration concerning completion of discovery and the scheduling of pretrial procedures and trial. The Court has considered the positions of the parties as set forth in their Case Management Report, and hereby enters the following scheduling and case management requirements whose provisions are very precise and *shall be strictly adhered to*. Accordingly, it is **ORDERED**:

      1.    The parties are **directed** to meet the agreed upon terms and time limits set forth in their Case Management Report, as noted below (including any *exceptions* deemed appropriate by the Court):

| | |
|---|---|
| **Third-Party Joinder Cut-Off:** | **April 10, 2026** |
| **Plaintiff(s) Expert Disclosure:** | **June 12, 2026** |
| **Defendant(s) Expert Disclosure:** | **July 17, 2026** |
| **Mediation Selection/Scheduling due by:** | **August 3, 2026** |
| **Discovery Deadline:** | **August 28, 2026** |
| **Conduct Mediation by:** | **September 11, 2026** |
| **Dispositive Motion Deadline:** | **October 2, 2026** |
| **Daubert Motion Deadline:** | **October 2, 2026** |

      2.    Parties shall take heed that motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this Case

Management and Scheduling Order *are disfavored*. If evidence arises during fact discovery that would support a motion to amend a pleading, the moving party shall file a motion to amend within *fourteen (14) days* of learning of the evidence.  Motions to amend after that fourteen (14) day window will be governed by a good cause standard.  *See* Fed. R. Civ. P. 16(b)(4).

3. **SUMMARY JUDGMENT PROCEDURES**: The following procedures shall be followed by the parties:

   (a) A party's claims or defenses for which summary judgment is sought shall be presented in a single motion and incorporated memorandum of law which, absent prior permission of the Court, shall not exceed twenty-five (25) pages total. Multiple motions for summary judgment will not be permitted. A violation of any of these directives will result in the Court sua sponte striking a party's motion for summary judgment and incorporated memorandum of law without notice. Any record citations should be to page and line of the filed materials.

   (b) Any party opposing a summary judgment motion shall file a memorandum of law in opposition no later than the time allotted pursuant to Local Rule 3.01(c). To the extent that the party opposing a motion for summary judgment disputes any facts asserted in the motion, the opposing party must include those disputed facts, with citations to the record, in the memorandum responding to the motion for summary judgment. All material facts set forth by the moving party shall be deemed admitted unless controverted by the opposing party in the response to the motion for summary judgment.

   (c) Failure to respond to a motion for summary judgment shall be deemed that the non-moving party does not oppose the motion and may result in final judgment being entered without a trial or other proceeding.

   (d) Oral argument or hearings will generally not be held on the motion.

   (e) A violation of any of these directives will result in the Court sua sponte striking a party's motion for summary judgment without notice.

4. This case is referred to court-annexed mediation in accordance with the rules governing mediation set forth in Chapter Four of the Local Rules. The parties shall select a Mediator and counsel for Plaintiff is designated as Lead Counsel to coordinate the scheduling of mediation. The list of certified mediators is available in the Clerk's Office

or on the internet at www.flmd.uscourts.gov under "For Lawyers/Mediation and Settlement/Certified Mediators PDF)." The list is not exclusive, and any certified mediator is permissible. Lead counsel must file a Notice of Mediator Selection and Scheduling of Mediation which (a) identifies the selected Mediator and includes address, telephone, and facsimile information, and (b) sets for the time, date, and place for the mediation conference by the above-designated date. If the parties fail to select a Mediator or do not notify the Court of such selection by the above-designated date, the Court will *sua sponte* and without further notice select an individual to serve as Mediator and issue the appointment. The mediation conference may be conducted any time on or before the above-designated date.

5.  A **Pre-Trial Conference** will be held before the Honorable James S. Moody, Jr., United States Courthouse, 801 North Florida Avenue, Courtroom 17, Tampa, Florida 33602, on **WEDNESDAY, FEBRUARY 3, 2027, AT 11:00 A.M.** (Pre-trial conferences generally last fifteen minutes.)

6.  The parties shall comply with Local Rule 3.06 with respect to their joint Pre-Trial Statement, which is due no later than seven (7) days before the date of the Pre-Trial Conference.

7.  The **Pre-Trial Conference** *shall be attended by counsel who will act as lead trial counsel in the case* and who is vested with full authority to make and solicit disclosure and agreements touching all matters pertaining to the trial.

8.  This case is set for **JURY TRIAL** in Courtroom 17 of the United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, during the **MARCH 2027** trial term before the Honorable James S. Moody, Jr. (Trial terms run a calendar month.)

9.  Any **motions in limine** shall be filed with the Clerk of Court no later than three (3) weeks before the date of the Pre-Trial Conference. The parties are limited to filing only one (1) motion in limine that includes each ground for the exclusion of evidence.

10. NO LATER than two (2) business days prior to the first day of trial, counsel shall electronically file proposed voir dire, jury instructions, and verdict forms, serve copies on opposing counsel, and provide the courtroom deputy with a copy for use by the Judge. Counsel shall e-mail proposed jury instructions and verdict forms in Word format to: chambers_flmd_moody@flmd.uscourts.gov.

(a) **Trial Brief:** The Court does not require Trial Briefs or Proposed Findings of Fact and Conclusions of Law.

(b) **If case is a JURY trial**, the following shall be provided no later than two (2) business days prior to the date on which trial is set to commence:

   (1) A concise (one paragraph preferably) *joint or stipulated* statement of the nature of the action to be used in providing a basic explanation of the case to the jury venire;

   (2) *Proposed Voir Dire* (the Court will conduct the voir dire and, in addition to the usual more general questions, will without initiation by counsel ask more particular questions suggested by the nature of the case; counsel should, therefore, be selective in the jury questions submitted to the Court for consideration);

   (3) A complete set of all written **Proposed Jury Instructions** (which shall bear a cover sheet with the complete style of the case and appropriate heading designating the submitting party; there shall be no more than one instruction per page and contain, at the end of each such instruction, citation of authorities, if any); they shall be sequentially numbered and party-identified (e.g., Plaintiff's Requested Instruction No. 1); and

   (4) **Proposed Verdict Form**

(c) **If case is a NON-JURY trial**, **Proposed Findings of Fact and Conclusions of Law** are required <u>only if</u> the Judge requests them. If they are requested, each shall be separately stated in numbered paragraphs; Findings of Fact shall contain a detailed listing of the relevant material facts the party intends to prove, in a simple, narrative form; Conclusions of Law shall contain a full exposition of the legal theories relied upon by counsel. At the end of trial, Counsel shall e-mail the parties' Proposed Findings of Fact and Conclusions of Law in Word format to Chambers to: chambers_flmd_moody@flmd.uscourts.gov.

**DONE AND ORDERED** in Tampa, Florida, on December 19, 2025.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record