UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:25-cv-2530

MARIA C. RODRIGUEZ,

    Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and LUIS NUNEZ, an individual

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Defendants, LUX SEVEN AUTO SALES, CORP. ("Lux") and LUIS NUNEZ ("Nunez") (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, pursuant to Federal Rule 12(b)(6), hereby file this Motion to Dismiss, and in support thereof state as follows:

## LEGAL STANDARD

1. In order to state a claim for relief, Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007).

2. In deciding a motion to dismiss, a court must accept the plaintiff's well-pled facts as true and construe the complaint in a light most favorable to the plaintiff. *See Bland v. Freightliner Llc*,

206 F. Supp 2d 1202, 1205 (M.D. Fla. 2002). In deciding a motion to dismiss, the court may only examine the four corners of the complaint. *Id*. (citing *Rickman v. Precisionaire, Inc.*, 902 F. Supp 232, 233 (M.D. Fla. 1995). However, a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute. *See Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

3. Courts are not "bound to accept as true a legal conclusion couched as a factual allegations." *See Omnipol v. Worrel*, 421 F. Supp. 3d 1321, 1335 (Fla. M.D. 2019). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations, which suggest lawful conduct rather than the lawful conduct the plaintiff would ask the court to infer." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

4. The 11th Circuit has endorsed a two-pronged approach: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, "assume their veracity and determine whether they plausibly give rise to an entitlement to relief." *ADA*, 605 F.3d at 1290.

## **THE COURT SHOULD DISMISS COUNT I VIOLATION OF THE FEDERAL ODOMETER ACT**

5. The Odometer Act imposes on car dealers various requirements intended to ensure that automobile consumers are provided with accurate statements of a car's mileage. *See Coleman v. Lazy Days RV Ctr., Inc.*, 2006 U.S. Dist. LEXIS 52178, 2006 WL 2131303, at *3 (M.D. Fla. July 28, 2006).

6. The Odometer Act generally requires the accurate disclosure of a vehicle's mileage. *See* 49 U.S.C. § 32701. It also allows private citizens to recover money damages from those who violate its provisions with the intention to defraud. *See* 49 U.S.C. § 32710(a).

7. 49 U.S.C. § 32703. Preventing Tampering reads:

> A person may not:
> (1) advertise for sale, sell, use, install, or have installed a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;
> (2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;
> (3) with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or
> (4) conspire to violate this section or section 32704 or 32705 of this title.

8. § 32704. Service, repair, and replacement, reads:

> (a) A person may service, repair, or replace an odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement. If the mileage cannot remain the same –
> (1) the person shall adjust the odometer to read zero; and
> (2) the owner of the vehicle or agent of the owner shall attach a written notice to the left door frame of the vehicle specifying the mileage before the service, repair, or replacement and the date of the service, repair, or replacement.
> (b) Removing or altering notice. A person may not, with intent to defraud, remove or alter a notice attached to a motor vehicle as required by this section.

9. § 32705 governs mileage disclosure requirements arising only upon the transfer of ownership of a motor vehicle. It requires disclosure of the vehicle's mileage at transfer and does not regulate odometer servicing, repair, replacement, or tampering, which are addressed separately under § 32703 and § 32704.

10. Plaintiff sues Defendants Lux for Count I Violation of the Federal Odometer Act, Count III Action for Fraud, Count IV Action for Breach of Express Warranty, and Count V Action for Revocation of Acceptance.

11. Plaintiff expressly alleges that her federal claim against Lux is based only on the Act's anti-tampering requirements of 49 U.S.C. § 32703, and "not on a claim of non-disclosure under 49 U.S.C. § 32705." (Compl ¶ 62). Plaintiff thus limits the scope of her own claim. At the same time, the Complaint alleges factual allegations concerning mileage representations made at the time of sale.

12. Although Plaintiff characterizes Count I as a claim under § 32703's anti-tampering provisions, the factual allegations underlying Count I describe multiple forms of conduct governed by different sections of the Odometer Act. Plaintiff alleges that the vehicle's odometer was serviced, repaired, or replaced and that Defendants failed to preserve the mileage, reset the odometer, or affix the written notice required when mileage cannot be maintained. Those allegations fall squarely within § 32704, which governs service, repair, and replacement of odometers.

13. Plaintiff also alleges that Defendants sold the vehicle to her while representing a mileage lower than the vehicle's true mileage and that such representations were incorporated into the sales transactions. Those allegations implicate the disclosure requirements that arise upon transfer of ownership under § 32705, notwithstanding Plaintiff's disclaimer that she is not bringing a nondisclosure claim under that provision.

14. As pleaded, Count I relies on factual allegations associated with all three statutes, while simultaneously disclaiming § 32705 as a basis for liability. This conflation of distinct statutory provisions, each of which applies in a different factual context, deprives Defendants of fair notice of the statutory basis of Plaintiff's federal claim and renders Count I deficient under Rule 8 and 12. Plaintiff's Complaint also deprives Defendants of the ability to identify which statute supplies the elements of the federal claim they must defend against.

15. To the extent that Plaintiff seeks to rely on § 32705 as allegations concerning disclosure of mileage of the vehicle as a basis for liability, the non-disclosure of mileage claim fails as a matter of law because Plaintiff expressly disavowed that statute in the Complaint.

16. The Complaint's internal inconsistency leaves Defendant unable to discern whether they must defend against a claim of odometer tampering, a claim based on service or repair obligations, a transfer-of-ownership disclosure claim, or some combination thereof, rendering Count I defective under Rules 8 and 12.

17. Plaintiff's Count I constitutes a "shotgun pleading" because it is impossible to comprehend which specific factual allegations the plaintiff intends to support which causes of action, or how they do so. *See Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (Fla. 11th Cir. 2020). A district court that receives a shotgun pleading should strike it and instruct counsel to replead the case, even if the other party does not move the court to strike the pleading *Id.* (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1355 n.6 (11th Cir. 2018).

18. For the reasons above, Plaintiff fails to state a claim in Count I for violation of the Federal Odometer Act.

19. Even if the Court finds that Plaintiff sufficiently states a claim under Count I, the Court should take notice of the documents referred to in the Complaint that Defendant now attaches to this Motion to Dismiss. A document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute. See *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999). Defendant asserts that the contents of these documents are not subject to dispute.

20. Plaintiff alleges that "[a]t the time of sale, Lux represented orally and in writing that the Subject Vehicle's mileage was 72,576." (Compl., ¶ 15). Plaintiff also alleges that the Lux, through

Nunez, "responded that [he] did not know exactly [how many miles], only that the odometer read approximately 72,000 miles."

21. Defendants attach Exhibit A, which is a Bill of Sale for the Motor Vehicle. In Section 2 of the Exhibit, it is clear that Defendants disclosed that the odometer reading "is not the actual mileage." This directly contradicts Plaintiff's claim that Lux represented in writing that the mileage was 72,576. Additionally, Exhibit B, an Application for Certificate of Motor Vehicle, also discloses in Section 6, Odometer Declaration, that the odometer reading is not the actual mileage. Further, Exhibit C (Separate Odometer Disclosure Statement and Acknowledgment), provides that the odometer reading "is not the actual mileage. WARNING – ODOMETER DISCREPANCY." All of these Exhibits were signed by Plaintiff herself.

22. In order to allege a cause of action under the Odometer Act, a complaint must allege (1) that the defendant violated the Act or its regulations (2) with the intent to defraud. *Owens v. Samkle Auto., Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005).

23. The attached exhibits, which Plaintiff omits from the Complaint, show that Defendant Lux lacked the requisite intent to defraud Plaintiff, even if an alleged violation of the Federal Odometer Act existed. The attached documents show that the odometer reading was, in fact, disclosed multiple times during the sale of the motor vehicle, negating Plaintiff's allegation that there was intent to defraud.

24. Even if the Court declines to consider the attached Exhibits to the Motion to Dismiss, Count I is confusingly pleaded, as it limits its scope to exclude § 32705, then pleads facts supporting a violation under § 32705.

25. For the above reasons, Count I should be dismissed by this Court.

## THE COURT SHOULD DISMISS COUNT II FOR FAILURE TO STATE A CLAIM

26. Additionally, Plaintiff sues Defendant Nunez for Count II (Action for violation of the Federal Odometer Act). Specifically, according to the Plaintiff's own Complaint, the claim against Nunez is based on conspiring to commit a violation of § 32703(3). (Compl. ¶ 76).

27. § 32703(3) provides that a person may not, "with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer is disconnected or not operating." *See* § 32703(3). However, Plaintiff does not plead facts alleging that Nunez operated the subject vehicle on a road with knowledge that the odometer was disconnected or not operating.

28. In addition to invoking the wrong statutory subsection, Count II also pleads factual allegations that correspond to entirely different provisions of the Odometer Act than the one Plaintiff claims to rely upon. Plaintiff relies on allegations that correspond to § 32703(1) (devices or actions causing an odometer to register mileage different from miles actually driven) and § 32705 (mileage disclosures made at the time of transfer of ownership).

29. Even if the Court charitably construes Count II as an attempt to plead conspiracy liability under § 32703(4), the claim still fails, because Count II is derivative of Count I. Where a plaintiff fails to plead a plausible violation of the Odometer Act, a conspiracy claim premised on the same alleged violation necessarily fails as well. Because Plaintiff fails to state a claim for the underlying violation of the Act in Count I, this Court should dismiss Count II.

## THE COURT SHOULD DISMISS COUNT III FOR FAILURE TO COMPLY WITH RULE 9(B) AND BECAUSE THE ATTACHED EXHIBITS CONTRADICT PLAINTIFF'S ALLEGATIONS OF COMMON LAW FRAUD

30. Plaintiff brings a Count III for common law fraud against Lux. The essential elements of common law fraud in Florida are (1) a false statement of fact; (2) known by the defendant to be

false at the time it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage to the plaintiff. *See Perry v. Cosgrove*, 464 So. 2d 664, 666 (Fla. Dist. Ct. App. 1985) (citing *Vance v. Indian Hammock Hunt and Riding Club, Ltd.*, 403 So. 2d 1367 (Fla. 4th DCA 1981)).

31. It has long been the Florida rule that whenever fraud is relied upon, allegations relating thereto must be specific, and facts constituting fraud must be clearly stated. *See Reina v. Gingerale Corp.*, 472 So. 2d 530, 531 (Fla. Dist. Ct. App. 1985). Fraud is never presumed, and where it is the basis of a pleading, the essential facts, not legal conclusions, must be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called to answer. *Id*. at 531–532.

32. The Middle District Court has also held that allegations of fraud must state with particularity the circumstances constituting fraud. *See Omnipol v. Worrel*, 421 F. Supp. 3d at 1334 (citing Fed. R. Civ. P. 9(b)).

33. Under Rule 9(b), a plaintiff must allege (1) precisely what statements were made in what documents or what oral misrepresentations were made; (2) at the time, place, and person responsible for the statement; (3) the content of such statement and the manner in which these statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *Id*. at 1334 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371, 1380-81 (11th Cir. 1997)).

34. Count III fails to satisfy Rule 9(b). Plaintiff fails to identify any specific false statement of existing fact made at the time of sale. Plaintiff only vaguely alleges that Defendants expressed uncertainty regarding mileage and referred to an odometer reading of "approximately" 72,000

miles, while simultaneously claiming that Nunez claimed he did not know exactly how many miles. Plaintiff fails to plead any specific statement or words at all in the Complaint, or whether the fraud is affirmative misrepresentation, omission or both.

35. Plaintiff fails to plead the time and place of the alleged fraudulent statement.

36. Plaintiff fails to identify what particular statement Plaintiff relied on in light of the written odometer disclosures that were part of the sale paperwork.

37. Even if the Court finds Plaintiff has alleged the who/what/when with sufficient particularity, Count III fails because Plaintiff cannot plausibly plead justifiable reliance as a matter of law. Defendants' attached Exhibits expressly disclose multiple times that the odometer reading is not the actual mileage, and warn of an odometer discrepancy, each of which was signed by Plaintiff. Because the documents central to the sale expressly warn that the odometer reading was not the actual mileage, Plaintiff cannot plausibly allege that she justifiably relied on any alleged representations that the vehicle's mileage was 72,576 as a statement of true mileage.

38. At a minimum, the disclosures defeat any claim that Defendants made a false "written" representation of true mileage, and they render Plaintiff's alleged reliance on any contradictory oral statement implausible.

39. In Florida, a party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract. *See Hill v. State Farms Ins. Co.*, 181 F. Supp. 3d 980, 986 (Fla. M.D. 2016) (citing *Hillcrest Pac. Corp. v. Yamamura*, 727 So. 2d 1053, 1056 (Fla. Dist. Ct. App. 1999). In *Hill v. State Farms Ins. Co.*, the Middle District held that a plaintiff cannot plausibly plead justifiable reliance on an alleged oral or written misrepresentation when the transaction's written documents expressly contradict those representations, and the plaintiff signed them. *Id*. at 986.

40. Other courts have similarly held that the existence of contrary provisions makes reliance on the fraudulent misrepresentation unreasonable as a matter of law. *See Silver. v. Countrywide Home Loans, Inc.*, 760 F. Supp 2d 1330, 1341 (S.D. Fla. 2011) (granting defendant's request for summary judgment on fraud claims because reliance upon oral statements at variance with the written documents was not reasonable as a matter of law).

41. For the foregoing reasons, this Court should dismiss Count III for Fraud against Lux.

## THE COURT SHOULD DISMISS COUNT IV FOR BREACH OF EXPRESS WARRANTY FOR FAILURE TO STATE A CLAIM AND BECAUSE THE EXHIBITS ESTABLISH NO MILEAGE WARRANTY

42. Plaintiff brings a Count IV for Breach of an Express Warranty against Lux. Under Florida law, a breach of an express warranty claim requires a plaintiff to show (1) the sale of goods; (2) the express warranty; (3) breach of the warranty; (4) notice to seller of the breach; (5) and the injuries sustained by the buyer as a result of the breach of the express warranty. *See Rice v. Dci Donor Servs.*, 721 F. Supp. 3d 1308, 1312 (N.D. Fla. 2024) (citing *Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla. Dist. Ct. App. 1977)

43. Additionally, Fla. Stat. § 672.313 provides that express warranties by the seller are created by any affirmation of fact or promise, or any description of the goods, made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain. *See* Fla. Stat. § 672.313.

44. Here, Plaintiff has not shown an express warranty nor breach of the warranty. Plaintiff does not plead facts showing that Defendant made a specific affirmation of fact or promise relating to the vehicle's mileage, that the affirmation became part of the basis of the bargain, and that the vehicle failed to conform to that affirmation.

45. Plaintiff alleges in a conclusory fashion that Defendant made an "Express Mileage Warranty" without identifying any language of affirmation of fact or promise or description creating that warranty. Plaintiff merely recites the elements of breach of express warranty.

46. Even assuming that Defendant stated that the odometer read approximately 72,576 miles, that statement does not create an express warranty. Plaintiff's own Complaint alleges that Nunez told Plaintiff "he did not know the actual mileage of the vehicle." (Compl. ¶ 16). Plaintiff fails to establish how an express warranty was created, or what the express warranty actually is.

47. Even if Nunez's statement that the odometer read 72,576 miles created a valid express warranty, the express warranty cannot arise where the alleged affirmation of fact is directly contradicted by the written terms of the sales transaction, all of which are signed by the Plaintiff and disclose that the mileage is unknown or incorrect. *See Exhibit* A-C.

48. For the foregoing reasons, Count IV should be dismissed.

## COUNT V SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM AND FAILURE TO ALLEGE REASONABLE NOTICE TIME

49. Count V fails to state a claim because revocation of acceptance only exists as a statutory remedy under Fla. Stat. § 672.608, and the Complaint does not allege facts satisfying the key elements of § 672.608. More specifically, the Complaint fails to allege that revocation occurred within a reasonable time or that timely notice was provided as required by Florida law.

50. An action for revocation is governed by § 672.608, Florida Statutes. *See Parson v. Motor Homes of America, Inc.*, 465 So. 2d 1285, 1293 (Fla. Dist. Ct. App. 1985).

51. § 672.608 provides that a buyer may revoke acceptance of a lot or commercial unit whose nonconformity substantially impairs its value if the buyer has accepted it: (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or (b)

11

without discovery of such nonconformity if buyer's acceptance was reasonable induced either by the difficulty of discovery before acceptance or by the seller's assurances. *See* § 672.608(1)(a)-(b). The statute further provides that revocation of acceptance must occur "within a reasonable time after the buyer discovers or should have discovered the ground for it" and before any substantial change in condition of the goods which is not caused by their own defects, and it is not effective until the buyer notifies the seller. *See* § 672.608(2).

52. Here, Plaintiff presumably only meets the condition of subsection (2), as she alleges that she accepted the vehicle without discovering the nonconformity, and the acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances. Yet Plaintiff only alleges that she notified Defendant, "verbally and in writing," that Plaintiff was revoking acceptance. (ECF No. 25 at ¶ 107). Plaintiff does not allege facts supporting reasonable timeliness and leaves a key statutory element entirely conclusory. Nor does Plaintiff allege how soon after acceptance a notice of revocation was given. The Complaint omits any allegation establishing a reasonable temporal relationship between the discovery of the alleged nonconformity and the purported revocation.

53. A conclusory assertion that notice was provided, without specific facts supporting reasonable timeliness, does not plausibly state a claim for revocation of acceptance. Accordingly, Count V should be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that this Honorable Court grant this Motion to Dismiss, or alternatively, order Plaintiff to amend Count I to more sufficiently state a cause of action, and grant any further relief as this Court deems just and proper.

DATED this 9 January 2026.

Respectfully Submitted,

                                         **LAW OFFICE OF BYRON ACOSTA, P.A.**
*Counsel for Defendants*
2393 S. Congress Ave, Suite 207
West Palm Beach, Florida 33406
Tel.: (561) 805-3580
Fax: (561) 805-3601

By: /s/ *Byron Acosta*

Byron Acosta, Esq.
Florida Bar No. 1039193

### CERTIFICATE OF CONFERRAL

Undersigned counsel attests that he has attempted to confer via email to counsel for Plaintiff on January 6, 2026, but received no response.

                                                       /s/ *Byron Acosta, Esq.*
                                                       Byron Acosta, Esquire (1039193)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served on January 9, 2026, through the court's e-filing portal on CM/ECF with the Clerk of Court, which will serve an electronic copy to JOSHUA FEYGIN, 4601 Sheridan St, #205, Hollywood, FL 33021. josh@sueyourdealer.com

                                                       /s/ *Byron Acosta, Esq.*
                                                     Byron Acosta, Esquire (1039193)
                                                     byron@byronacostalaw.com
                                                     Florida Bar. No. 1039193
                                                     BYRON ACOSTA, P.A.
                                                     Attorneys for Plaintiff
                                                     2393 S Congress Ave
                                                     West Palm Beach, FL 33406
                                                     Phone: 561-805-3580
                                                     Fax: 561-805-3601

EXHIBIT A

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES - DIVISION OF MOTORIST SERVICES
**SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE**
www.flhsmv.gov/offices/

## Notice of Sale and/or Bill of Sale for a Motor Vehicle, Mobile Home, Off-Highway Vehicle or Vessel

☐ Notice of Sale (Seller must complete sections 1 & 3). The purchaser's signature in section 3 is optional.

☒ Bill of Sale (Seller and purchaser must complete sections 1, 2 (when applicable) & 3).

**1. Motor Vehicle, Mobile Home, Off-Highway or Vessel Description**

| Year | Make/Manufacturer | Body Type | Model | Color |
|---|---|---|---|---|
| 2018 | FORD | UT | ESCAPE | WHI |

| Certificate of Title Number | Vehicle/Vessel Identification Number |
|---|---|
| 130362694 | 1FMCU0GD4JUB36888 |

I/we do hereby sell or have sold and delivered the above described motor vehicle, mobile home, off-highway vehicle or vessel to:

Print Name(s) of Purchaser(s): MARIA CARMEN RODRIGUEZ

| Address | City | State | Zip Code |
|---|---|---|---|
| 4330 COMMUNITY DR APT 114 | WEST PALM BEACH | FL | 33409-2928 |

Date of Sale: 02/07/2025
Selling price: $ 4000

**2. Odometer Disclosure Statement (Required For a Motor Vehicle)**

Federal and State law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS MOTOR VEHICLE'S ☐ 5 DIGIT OR ☒ 6 DIGIT ODOMETER NOW READS 0 7 2 , 5 7 6 .xx (NO TENTHS) MILES, DATE READ 02 / 07 / 25, AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

☐ 1. REFLECTS THE **ACTUAL MILEAGE**.   ☐ 2. IS **IN EXCESS OF ITS MECHANICAL LIMITS**.   ☒ 3. IS **NOT THE ACTUAL MILEAGE**.

Affidavit (When applicable):

**3. Certification**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name | Date |
|---|---|---|
| [signature] | LUXSEVENAUTOSALESCORP | 02/07/2025 |

| Seller's Address | City | State | Zip Code |
|---|---|---|---|
| 2240 US HWY 92E UNIT 8 | LAKELAND | FL | 33801 |

| Co-Seller's Signature (when applicable) | Co-Seller's Printed Name (when applicable) | Date |
|---|---|---|
| | | |

| Co-Seller's Address (when applicable) | City | State | Zip Code |
|---|---|---|---|
| | | | |

| Purchaser's Signature | Purchaser's Printed Name | Date |
|---|---|---|
| [signature] | MARIA CARMEN RODRIGUEZ | 02/07/2025 |

| Co-Purchaser's Signature (when applicable) | Co-Purchaser's Printed name (when applicable) | Date |
|---|---|---|
| | | |

✱ OWNERSHIP STATUS FOR THE ABOVE DESCRIBED MOTOR VEHICLE, MOBILE HOME, OFF-HIGHWAY VEHICLE OR VESSEL WILL NOT CHANGE UNTIL THE PURCHASER APPLIES FOR AND IS ISSUED A CERTIFICATE OF TITLE.

Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/

HSMV 82050 (Rev. 06/11) S

**EXHIBIT B**



**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
## APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE

Please submit this form to your local tax collector office or license plate agency.
https://www.flhsmv.gov/locations
Note: All fields are required unless otherwise stated or not applicable.

**Application Type:** ☐ Original  ☒ Transfer     **Request to print Certificate of Title:** ☐ No  ☐ Yes: In office  ☐ Yes: Mailed
**Off-Highway Vehicle Type:** ☐ All-Terrain Vehicle (ATV)   ☐ Recreational Off-Highway Vehicle (ROV)    ☐ Off-Highway Motorcycle (OHM)

### Section 1: OWNER/APPLICANT INFORMATION

| Customer Number | Fleet Number | Unit Number | Owner's County of Residence |
|---|---|---|---|
| 228212984 | | | |

**Owner Details:** Are you a Florida Resident? ☒YES ☐NO   Are you a US Citizen? ☒YES ☐NO   Are you deaf or hard of hearing? (Voluntary) ☐YES ☐NO

When joint ownership, please indicate if "or" or "and" is to be shown on title when issued.  Select, if applicable: ☐ Life Estate/Remainder Person
☐ OR   ☐ AND   (If neither box is checked, the title will be issued with "and.")   ☐ Tenancy by the Entirety   ☐ With Rights of Survivorship

| Owner's Name as It Appears on Driver License (First, Full Middle/Maiden, & Last Name) | Owner's Phone Number (Voluntary) | Owner's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|
| MARIA CARMEN RODRIGUEZ | | | F | 03/06/1961 |

| FL DL/ID or FEID/Suffix Number | Owner's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| R362543615860 | 4330 COMMUNITY DR APT 114 | WEST PALM BEACH | FL | 33409-2928 |

| Owner's Residential Street Address | City | State | Zip Code |
|---|---|---|---|
| 4330 COMMUNITY DR APT 114 | WEST PALM BEACH | FL | 33406-1525 |

| Mail To Customer Name (If different from above owner) | Mail To's Phone Number (Voluntary) | Mail To's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|
| | | | | |

| FL DL/ID or FEID/Suffix Number | Mail To's Address (If different from above mailing address) | City | State | Zip Code |
|---|---|---|---|---|
| | 4330 COMMUNITY DR APT 114 | WEST PALM BEACH | FL | 33409-2928 |

**Co-Owner Details:** Are you a Florida Resident? ☐YES ☐NO   Are you a US Citizen? ☐YES ☐NO   Are you deaf or hard of hearing? (Voluntary) ☐YES ☐NO

| ☐ Co-Owner or ☐ Lessee's Name as It Appears on Driver License (First, Full Middle/Maiden, & Last Name) | Co-Owner's Phone Number (Voluntary) | Co-Owner's Email (Voluntary) | Sex | Date of Birth |
|---|---|---|---|---|
| | | | | |

| FL DL/ID or FEID/Suffix Number | Co-Owner's/Lessee's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

| Co-Owner's/Lessee's Residential Street Address | City | State | Zip Code |
|---|---|---|---|
| | | | |

### Section 2: MOTOR VEHICLE DESCRIPTION

| Vehicle Identification Number (VIN) | Florida Title Number | License Plate Number | Previous State of Issue |
|---|---|---|---|
| 1FMCU0GD4JUB36888 | 130362694 | KBLQ22 | |

| Make/Manufacturer | Model | Year | Body | Color | Length Ft.___In___ | Weight | GVW | BHP/CC |
|---|---|---|---|---|---|---|---|---|
| FORD | ESCAPE | 2018 | UT | WHI | | 3415 | | |

| Van Use (If applicable) ☐Passenger ☐Other | Fuel Type ☐ Natural Gas (Liquid) ☐ Natural Gas (Compressed) ☐ Hybrid (Gas/Electric) ☐ Hybrid (Diesel/Electric) ☐ Electric |
|---|---|

### Section 3: BRANDS, USAGE AND TYPE (Check applicable types)

☐Assembled from Parts  ☐Autonomous   ☐Bonded Title   ☐Custom   ☐Electric   ☐Flood   ☐Glider Kit   ☐ILEV   ☐Kit Car
☐Long Term Lease    ☐Manuf. Buy Back  ☐Police Veh.   ☒Private Use   ☐Rebuilt   ☐Replica   ☐Short Term Lease   ☐Street Rod   ☐Taxicab

### Section 4: LIENHOLDER INFORMATION (If applicable)

| ELT Customer ☐YES ☐NO | ☐ FEID/Suffix #  ☐DMV Account #  ☐DL/ID #, Sex and DOB | Lienholder's Phone Number (Voluntary) | Lienholder's Email (Voluntary) |
|---|---|---|---|

| Date of Lien | Lienholder's Mailing Address | City | State | Zip Code |
|---|---|---|---|---|
| | | | | |

Lienholder's Name (If box is not checked, title will be mailed to the first lienholder.)   ☐ Check this box if you, lienholder representative, authorize the Department to send
N/A                                                                                        the motor vehicle title to the owner and sign here: _____

### Section 5: TRANSFER TYPE (If applicable)

If ownership has transferred, how and when was the motor vehicle acquired?  ☐Inheritance                                 Date Acquired:
☒Sale (Price: $____4000.____)  ☐Gift  ☐Repossession  ☐Court Order  ☐Other (Specify): _____     02 / 07 / 2025

### Section 6: ODOMETER DECLARATION

**WARNING:** Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines or imprisonment.

I/we state that this ☐5 or ☐6-digit odometer now reads  0  7  2 , 5  7  6  .xx miles.   Date Read: 02 / 07 / 25 .
                                                                      (No tenths)
I/we hereby certify that to the best of my/our knowledge the odometer reading:
☐ 1. REFLECTS ACTUAL MILEAGE.      ☒ 2. IS NOT THE ACTUAL MILEAGE.      ☐ 3. IS IN EXCESS OF ITS MECHANICAL LIMITS.

HSMV 82040 MV – Rev. 07/23             https://www.flhsmv.gov              RULE 15C-21.001, FAC



**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**APPLICATION FOR CERTIFICATE OF MOTOR VEHICLE TITLE**

### Section 7: DEALER SALES TAX REPORT AND MOTOR VEHICLE TRADE IN INFORMATION (If applicable)

| Florida Sales Tax Registration Number | Dealer License Number | Date of Sale | Amount of Tax | Dealer/Agent Signature |
|---|---|---|---|---|
| 6380180044891 | VI/1091956/1 | 02/07/2025 | 280.00 | *(signed)* |

| Year of Trade In | Make of Trade In | Title Number of Trade In (If known) | Vehicle Identification Number (VIN) of Trade In |
|---|---|---|---|
|  |  |  |  |

### Section 8: MOTOR VEHICLE IDENTIFICATION NUMBER VERIFICATION

This section requires a physical inspection and a verification of the vehicle identification number (VIN) (or the motor number for motor vehicles manufactured prior to 1955) of the motor vehicle described on this form by a licensed Florida dealer, Florida notary public, law enforcement officer, or authorized FLHSMV, tax collector (TC) or license plate agency (LPA) employee. **Complete this section on all used motor vehicles, including trailer (with abbreviation of "TL" and a weight of 2,000lbs or more), not currently titled in Florida.**

I, the undersigned, certify that I have physically inspected the above-described vehicle:

| Vehicle Identification Number (VIN) | Name Certifying Inspector | Certifying Inspector Signature | Date |
|---|---|---|---|
|  |  |  |  |

Select which option best represents the certifying inspector:
- ☐ Law Enforcement   Agency Name: _____   Badge Number: _____
- ☐ Florida Dealer   Dealer Name: _____   Dealer Number: _____
- ☐ FLHSMV   Office Name: _____   User ID/Badge: _____
- ☐ Tax Collector or License Plate Agency   Agency Name: _____   County/Agency: _____
- ☐ Florida Notary Public (Stamp or Seal)   Signature: _____

### Section 9: SALES TAX EXEMPTION CERTIFICATION (If applicable)

The purchase of a recreational vehicle to be offered for rent as living accommodations does not qualify for exemption. I certify the motor vehicle described has been purchased and is exempt from the sales tax imposed by Chapter 212, Florida Statutes, by:

- ☐ Purchaser (state agencies, counties, etc.) holds valid exemption certificate
- ☐ Vehicle will be used exclusively for rental.

Consumer's Certificate of Exemption Number: _____   Sales Tax Registration Number: _____

I hereby certify that ownership of the motor vehicle described on this application, is not subject to Florida Sales and Use Tax for the following reason:
- ☐ Inheritance   ☐ Gift   ☐ Divorce Decree   ☐ Transfer between a married couple   ☐ Other: _____
- ☐ Even trade or trade down _____
*(State the facts of the even trade or trade down and the transferor information, including the transferor's name and address.)*

### Section 10: REPOSSESSION DECLARATION
☐ I certify that this motor vehicle was repossessed upon default in the terms of the lien instrument and is now in my possession.

### Section 11: NON-USE AND OTHER CERTIFICATIONS
If checked, the following certifications are made by the applicant:
- ☐ I certify that the certificate of title is lost or destroyed.
- ☐ The vehicle identified will not be operated on the streets and highways of this state until properly registered.
- ☐ Other: (explain) _____

### Section 12: APPLICATION ATTESTMENT AND SIGNATURES

I/We physically inspected the VIN. (More than one form HSMV 82040 may be used for additional signatures.)
Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

| Full Name of Applicant, Owner | Signature of Applicant, Owner | Date |
|---|---|---|
| MARIA CARMEN RODRIGUEZ | X *(signed)* | 2-7-25 |
| Full Name of Applicant, Co-Owner | Signature of Applicant, Co-Owner | Date |
|  |  |  |

### Section 13: RELEASE OF SPOUSE OR HEIRS INTEREST (If applicable)

The undersigned person(s) state(s) that _____ died on _____.
(Name of deceased)   (Date)

☐ Testate (with a will)   ☐ Intestate (without a will) and left the surviving heir(s) named below.
☐ When applicable, the heir(s) (named below) certifies that the certificate of title is lost or destroyed.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.
(More than one form HSMV 82040 may be used for additional signatures.)

| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|---|---|---|
|  |  |  |
| Full Name of ☐ Spouse, ☐ Co-Owner or ☐ Heir(s) | Signature of Spouse, Co-Owner or Heir(s) | Date |
|  |  |  |

That at the time of death the decedent was owner of the motor vehicle described in section 2 of this form. The person(s) signing above hereby releases all of his/her/their right, title, interest and claim as heir(s) at law, legatee(s), devisee(s), or otherwise to the aforesaid motor vehicle to:

| Full Name of Applicant | Signature of Applicant | Date |
|---|---|---|
|  |  |  |
| Full Name of Applicant | Signature of Applicant | Date |
|  |  |  |

**EXHIBIT C**

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTORIST SERVICES**
SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE
www.flhsmv.gov/offices/

## SEPARATE ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT

### VEHICLE DESCRIPTION

| Vehicle Identification Number | Year | Make | Color | Body | Title Number |
|---|---|---|---|---|---|
| 1FMCU0GD4JUB36888 | 2018 | FORD | WHI | UT | 130362694 |

### ODOMETER DISCLOSURE STATEMENT

**WARNING:** Federal and State law requires that you state the mileage in connection with an application for a Certificate of Title. Failure to complete or providing a false statement may result in fines and/or imprisonment.

WE STATE THAT THIS ☐ 5 or ☒ 6 DIGIT ODOMETER NOW READS  0 7 2, 5 7 6  .XX (NO TENTHS) MILES,
DATE READ  02 / 07 / 25 , AND WE HEREBY CERTIFY THAT TO THE BEST OF OUR KNOWLEDGE THE ODOMETER READING:

**CAUTION:** Read carefully before checking a box.

☐ 1. REFLECTS ACTUAL MILEAGE.
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS.(EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☒ 3. IS NOT THE ACTUAL MILEAGE. **WARNING – ODOMETER DISCREPANCY**

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| Seller's Signature | Seller's Printed Name |
|---|---|
| *[signed]* | LUX SEVEN AUTO SALES, CORP. |

| Seller's Street Address |||
|---|---|---|
| 2240 US HWY 92E UNIT 8 |||
| **City** | **State** | **Zip** |
| LAKELAND | FL | 33801 |

| Buyer's Signature | Buyer's Printed Name |
|---|---|
| X *[signed]* | MARIA CARMEN RODRIGUEZ |

| Buyer's Street Address |||
|---|---|---|
| 4330 COMMUNITY DR APT 114 |||
| **City** | **State** | **Zip** |
| WEST PALM BEACH | FL | 33409-2928 |

**WHO IS AUTHORIZED TO COMPLETE THIS FORM?**
ANY PERSON WHO IS BUYING OR SELLING A MOTOR VEHICLE AND WHO MUST MAKE OR ACKNOWLEDGE AN ODOMETER DISCLOSURE, IN ORDER TO COMPLY WITH STATE OR FEDERAL ODOMETER DISCLOSURE LAW.

**WHEN SHOULD THIS FORM BE USED?**
1. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN SOLD.
2. WHEN A MOTOR VEHICLE, FOR WHICH AN ODOMETER DISCLOSURE IS REQUIRED, HAS BEEN PURCHASED.
3. WHEN AN ODOMETER DISCLOSURE STATEMENT AND ACKNOWLEDGMENT BETWEEN THE BUYER AND THE SELLER IS REQUIRED, BUT NO ODOMETER DISCLOSURE STATEMENT HAS BEEN MADE ON ANOTHER STATE OR FEDERAL FORM.

**WHEN SHOULD THIS FORM NOT BE USED?**
1. WHEN A FLORIDA TITLE WHICH WAS ISSUED ON OR AFTER APRIL 29, 1990 IS AVAILABLE.
2. WHEN A FORM HSMV 82994, MOTOR VEHICLE DEALER TITLE REASSIGNMENT SUPPLEMENT, HAS BEEN USED.
3. WHEN A FORM HSMV 82995, MOTOR VEHICLE DEALER POWER OF ATTORNEY/ODOMETER DISCLOSURE, HAS BEEN USED.
4. WHEN AN OUT-OF-STATE TITLE, WHICH CONFORMS TO FEDERAL LAW, IS USED TO TRANSFER A MOTOR VEHICLE.

**FILING:**
1. COPIES SHOULD BE EXCHANGED BETWEEN THE SELLER AND THE BUYER. DEALERS MUST RETAIN THIS DOCUMENT IN THEIR RECORDS FOR A PERIOD OF FIVE YEARS.
2. IT IS NOT NECESSARY TO FILE THIS FORM OR ANY COPY OF THIS FORM WITH THE STATE OF FLORIDA, UNLESS REQUESTED TO DO SO BY THE DIVISION OF MOTORIST SERVICES.

Check your local phone book government pages or visit the following website for current mailing addresses: http://www.flhsmv.gov/offices/

HSMV 82993 (REV. 11/11)