# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIA C. RODRIQUEZ,
     Plaintiff,

v.                                                                  Case No. 8:25-CV-2530

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,
     Defendant[s].

_____

## DEFENDANT LUX SEVEN AUTO SALES INITIAL DISCLOSURES PURSUANT TO FED R. CIV. P. 26(a)(1)

COMES NOW the Defendant, LUX SEVEN AUTO SALES, CORP., pursuant to Fed. R. Civ. P. 26(a)(1), by and through the undersigned counsel, and submits the following disclosures based on information reasonably available to Defendant as of the date of service of these disclosures. Defendant reserves the right to revise, correct, modify, supplement, or amend these disclosures as necessary.

**A. The name, and if known, address and telephone number of each individual likely to have discoverable information that the Plaintiff may use to support his claims or defenses:**

1. Luis Nunez

   5375 NW 116th Avenue, Coral Springs, FL 33076
   Phone number: 407-333-3512

   This witness is the principal of LUX SEVEN with knowledge of the facts of this case.

2. Gardner Auto Parts, Inc.

   2090 NW 21 Street
   Pompano Beach, FL 33069
   Phone number: (954) 972-9407

   This witness has knowledge concerning pertinent facts alleged in Plaintiff's complaint.

3. Yoisbel Perez Herrera

   1581 W Breezy Lane
   West Palm Beach, FL 33417
   Phone number: [unknown at this time]

   This witness purchased the car from Lux Seven on or around November 23, 2024.

4. Roiler Sehara Rodriguez

   421 Date Palm Dr,
   Lake Worth, FL 33461
   Phone number [unknown at this time]

   This witness was a mechanic who performed work on the subject vehicle of Plaintiff's complaint.

5. Insurance Auto Auctions Corporation

   Two Westbrook Corporate Center, Suite 500
   Westchester, IL 60154
   Phone number [unknown at this time]

   Defendant originally purchased the subject car from Insurance Auto Auctions.

6. Any persons named or mentioned in depositions taken, or to be taken, in this case.

6. Any witnesses listed by Plaintiff.

7. Impeachment and rebuttal witnesses.

8. Any other person or entity necessary to authenticate or admit any exhibits not previously listed.

**B. All documents, electronically stored information, and tangible things in the Defendant's possession, custody, or control may be used to support his claims or defenses.**

1. Contract and disclosure documents signed by Plaintiff.

2. Defendant's Insurance Policy.

3. Any and all other documentary evidence disclosed by Plaintiff.

4. Any and all physical evidence that may still exist related to allegations in Plaintiff's

complaint.

5.   Any and all exhibits introduced by Plaintiff in her initial disclosures.

6.   Any and all documents/items/exhibits exchanged during the discovery stage of this lawsuit.

**Defendant hereby reserves the right to supplement the initial disclosures of individuals likely to have discoverable information pursuant to Fed. R. Civ. P. 26(e)(1)(A).**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was electronically served on December 29, 2025, through the court's e-filing portal on CM/ECF with the Clerk of Court, which will serve an electronic copy to JOSHUA FEYGIN, 4601 Sheridan St, #205, Hollywood, FL 33021. josh@sueyourdealer.com

/s/ *Byron Acosta, Esq.*
Byron Acosta, Esquire (1039193)
byron@byronacostalaw.com
Florida Bar. No. 1039193
BYRON ACOSTA, P.A.
Attorneys for Plaintiff
2393 S Congress Ave
West Palm Beach, FL 33406
Phone: 561-805-3580
Fax: 561-805-3601

3