UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:25-cv-2530

MARIA C. RODRIGUEZ,

    Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and LUIS NUNEZ, an individual

    Defendants.

# DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR TRIAL BY JURY

Defendants, LUX SEVEN AUTO SALES, CORP. ("Lux") and LUIS NUNEZ ("Nunez") (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby file this Answer to the Plaintiff's Complaint, and in support thereof state as follows:

## JURISDICTION AND VENUE

1. This paragraph does not call for an answer, but to the extent that one is required, denied.

2. Denied that this Court has supplemental jurisdiction over any state law claims at this time. Further, Counts I through III of the Complaint are all for violations of the Federal Odometer Act.

3. Admitted that venue is proper in this District.

## GENERAL ALLEGATIONS

4. Does not call for an answer, but to the extent that one is required, denied.

5. Defendants are without knowledge, therefore denied.

6. Defendants are without knowledge, therefore denied.

1

## ALLEGATIONS AS TO PARTIES

7. Defendants are without knowledge, therefore denied.

8. Admitted.

9. Admitted.

10. Admitted only that Luis Nunez is a natural person who is the president and registered agent of Lux. As to the rest of the allegations, denied.

11. Denied.

12. Admitted.

## FACTUAL ALLEGATIONS

13. Admitted.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Denied.

23. Defendants are without knowledge, therefore denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Defendants are without knowledge, therefore denied.

34. Defendants are without knowledge, therefore denied.

35. Defendants are without knowledge, therefore denied.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Defendants are without knowledge, therefore denied.

46. Defendants are without knowledge, therefore denied.

47. Defendants are without knowledge, therefore denied.

48. Admitted only that Defendants were cited for violation(s).

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendants are without knowledge, therefore denied.

66. Admitted.

67. Does not call for an answer, but to the extent one is required, denied.

## COUNT I – ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT (as to Dealership)

68. Does not call for an answer, but to the extent one is required, denied.

69. Defendants reallege and reaffirm the answers to the allegations contained in paragraphs 1 through 68 above as if set forth in full.

70. Admitted.

71. Defendants are without knowledge, therefore denied.

72. Admitted that 49 U.S.C. § 32703 speaks for itself.

73. Denied that Lux acquired the subject vehicle with 156,000 miles reflected on the title and paperwork. The paperwork specifically provides that the mileage was unknown or not correct.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Admitted only that there was a DHSMV investigation. As to the rest of the allegations, denied.

81. Denied.

82. Denied.

83. Admitted.

### COUNT II – ACTION FOR VIOLATION OF THE FEDERAL ODOTMER ACT (as to Dealership)

84. Does not call for an answer, but to the extent one is required, denied.

85. Does not call for an answer, but to the extent one is required, denied.

86. Defendants reallege and reaffirm the answers to the allegations contained in paragraphs 1 through 68 as if set forth herein in full.

87. Admitted.

88. Defendants are without knowledge, therefore denied.

89. Admitted only that § 32704 speaks for itself.

90. Denied that the paperwork and title for the subject vehicle, when acquired by Lux, showed that the miles reflected 156,000 miles. The paperwork and title showed that the mileage was incorrect or unknown.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Admitted only that there was a DHSMV investigation. As to the rest of the allegations, denied.

99. Denied.

100. Denied.

101. Admitted.

### **COUNT III – ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT (as to Nunez)**

102.   Does not call for an answer, but to the extent that one is required, it is denied.

103. Defendant realleges and reaffirms the answers to the allegations contained in paragraphs 1 through 68 as if fully set forth herein.

104. Admitted only that the Federal Odometer Act speaks for itself.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## **AFFIRMATIVE DEFENSES**

**Lack of Intent to Defraud**: In order to allege a cause of action under the Odometer Act, a complaint must allege (1) that the defendant violated the Act or its regulations (2) with the intent to defraud. *Owens v. Samkle Auto., Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). Defendants plead their first affirmative defense of lack of intent to defraud. Plaintiff's claims are barred, in whole or in part, because Defendants did not act with the requisite intent to defraud, a required element under the Federal Odometer Act. Any alleged discrepancy in mileage or violation was not the result of fraudulent intent, but instead resulted either from

7

mistake or information provided by third parties or other sources upon which Defendants reasonably relied. Furthermore, Defendants fully disclosed that the condition of the mileage was incorrect or not known, and Plaintiff signed these disclosures. These acts are inconsistent with an intent to defraud.

**Third Party Causation:** Plaintiff's claims are barred, in whole or in part, because any alleged odometer discrepancy or misrepresentation was caused by the acts or omissions of third parties over whom Defendants had no control. Defendants did not cause, direct, or knowingly participate in any alleged odometer alteration.

**Intervening or Superseding Cause:** Plaintiff's alleged damages were caused by independent or superseding acts of third parties, which broke any alleged causal chain between Defendants' conduct and Plaintiff's claimed injuries. Such acts relieve Defendants of liability under the Federal Odometer Act.

**Failure to State a Claim:** Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not plausibly allege facts establishing that Defendants acted with the specific intent to defraud, nor does it plead fraud with the particularity required by Rule 9(b).

**Waiver:** Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver. Plaintiff executed and acknowledged written documents and disclosures at the time of sale, expressly indicating that the vehicle mileage was not actual or guaranteed to be accurate. These documents contradict Plaintiff's claim that Defendants represented in writing that the mileage was 72,576. Plaintiff is therefore estopped from asserting claims inconsistent with those executed documents.

**Reliance on Written Disclosures and Contract:** Plaintiff's Claims are barred to the extent that Plaintiff cannot establish reasonable reliance, as the transaction documents signed by

8

Plaintiff expressly disclosed that the mileage was not actual or was unknown, negating any claim of deception or reliance as matter of law.

**Lack of Proximate Cause:** Plaintiff's alleged damages were not proximately caused by any act or omission of Defendants. Any alleged mechanical failures or damages as a result of any violation of the Federal Odometer Act arose from third party conduct unrelated to the mileage disclosure.

**Preservation of Additional Defenses:** Defendants reserve the right to assert additional affirmative defenses and identify specific third parties as they become known through discovery.

**WHEREFORE**, Defendants respectfully demand trial by jury on all issues so triable and request that this Honorable Court deny the relief requested in Plaintiff's Complaint, grant Defendants' affirmative defenses, allow Defendants to restate or reallege any affirmative defenses identifying any third parties as they become known to Defendants through discovery, and grant any further relief as this Court deems just and proper.

DATED this 9 February 2026.

Respectfully Submitted,

**LAW OFFICE OF BYRON ACOSTA, P.A.**
*Counsel for Defendants*
2393 S. Congress Ave, Suite 207
West Palm Beach, Florida 33406
Tel.: (561) 805-3580
Fax: (561) 805-3601

By: /s/ *Byron Acosta*

Byron Acosta, Esq.
Florida Bar No. 1039193

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically served on January 9, 2026, through the court's e-filing portal on CM/ECF with the Clerk of Court, which will serve an electronic copy to JOSHUA FEYGIN, 4601 Sheridan St, #205, Hollywood, FL 33021. josh@sueyourdealer.com

/s/ *Byron Acosta, Esq.*
Byron Acosta, Esquire (1039193)
byron@byronacostalaw.com
Florida Bar. No. 1039193
BYRON ACOSTA, P.A.
Attorneys for Plaintiff
2393 S Congress Ave
West Palm Beach, FL 33406
Phone: 561-805-3580
Fax: 561-805-3601

10