UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:25-CV-2530

MARIA C. RODRIGUEZ,
an individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES,
CORP., a Florida Profit Corporation
and LUIS NUNEZ,
an individual,

      Defendants.
_____/

## JOINT MOTION FOR LEAVE TO APPEAR REMOTELY AT MEDIATION

The Parties, through undersigned counsel, and pursuant to Local Rule 3.01(a), respectfully request that the Court enter an order permitting remote attendance by counsel and parties at mediation. In support of this request, the Parties state:

1. The Parties have agreed to utilize Ken Bowen, Esq. as mediator in this action.

2. Mr. Bowen is located in Pinellas County, Florida.

3. This matter is tentatively scheduled for a half-day mediation on July 7, 2026 in the morning, pending Attorney Bowen's approval.

4. The Plaintiff currently resides in Palm Beach, Florida.

5. Plaintiff's counsel is located in Broward County, Florida.

6. Defendant is headquartered in Polk County, Florida.

7. Defendant's counsel is located in in West Palm Beach, Florida.

8. Due to the expenses associated with traveling to Pinellas County to attend the mediation session in person, the Parties each request permission to appear at the mediation via a video-teleconferencing method. Allowing the remote appearance in this fashion is in the interest of justice as the Parties believe that such cost saving measures will enable an efficient use of available funds, which is likely to foster a resolution in this action.

## MEMORANDUM OF LAW

Federal Courts permit parties to engage in telephonic hearings and conferences when a party experiences hardship. *See Dunn-Fischer v. Dist. Sch. Bd.*, 2010 U.S. Dist. LEXIS 98253, 1-2 (M.D. Fla. Sept. 7, 2010). Some courts even permit telephonic hearings where the parties are located in different cities as distance can lead to hardships. *See Fisher v. District School Board of Collier County*, 2010 WL 3522215 (M.D. Fla. 2010).

Here, the Parties submit that due to sizable distance traveling round trip to appear in person, such appearance would generate substantial transportation expenses should they be required to travel to Mr. Bowen's office for the mediation. The Parties respectfully submit that these resources would be best allocated towards a potential resolution to this dispute.

Wherefore, the Parties, through counsel, respectfully request that the Parties each be granted permission to appear via video-teleconference at the Parties' Mediation on July 7, 2026.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Undersigned counsel conferred with counsel for the Defendants and is authorized to represent that the Defendants have no objection to the relief requested herein and join in the Motion.

Respectfully submitted this 9th day of February, 2026.

By: /s/ Joshua Feygin
Joshua Feygin, Esquire
Florida Bar No.: 124685
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St. #205
Hollywood, FL 33021
954.228.5674
josh@sueyourdealer.com
*Attorney for Plaintiff*

By: */s/ Byron Acosta*
**BYRON ACOSTA**
Florida Bar No.: 1039193
Primary Email Address:
byron@byronacostalaw.com
**BYRON ACOSTA, P.A.**
2393 S. Congress Ave. #207
West Palm Beach, FL 33406
Telephone: (561) 805-3580
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 9, 2026, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Middle District of Florida, using the CM/ECF system, and that the foregoing document was served electronically to all counsel of record.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685