UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
Case No.: 8:25-cv-02530-JSM-LSG

MARIA C. RODRIGUEZ,

    Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP., and
LUIS NUNEZ,

        Defendants.
_____/

**PLAINTIFF'S UNNOPPOSED MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, MARIA C. RODRIGUEZ, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(f), respectfully moves to strike all of the purported affirmative defenses asserted in Defendant, LUX SEVEN AUTO SALES, CORP., and LUIS NUNEZs' Answer to Plaintiff's Amended Complaint (Doc. 22, filed February 9, 2026).

As set forth below, the challenged defenses are either not affirmative defenses at all, are legally invalid as a matter of law, or are pleaded in a conclusory manner that fails to provide fair notice. Because these defenses unnecessarily complicate the pleadings, expand discovery into irrelevant areas, and prejudice Plaintiff, they should be stricken.

i. **BACKGROUND**

This action arises from an alleged odometer-tampering and concealment scheme in violation of the Federal Odometer Act, 49 U.S.C. § 32701 et seq. Plaintiff alleges that on or about February 7, 2025, she purchased a 2018 Ford Escape from Defendant Lux Seven Auto Sales, Corp., a used-car dealership operated and controlled by Defendant Luis Nunez. Plaintiff alleges that Defendants represented, both orally and in writing, that the vehicle had approximately 72,576 miles at the time of sale.

According to the Amended Complaint, Defendants had acquired the vehicle months earlier with approximately 156,000 actual miles reflected on Florida title records, auction paperwork, and auction photographs. Plaintiff alleges that while the vehicle remained in Defendants' exclusive custody and control, Defendants disconnected, reset, altered, or replaced the odometer to materially reduce the displayed mileage by approximately 83,000 miles. Plaintiff further alleges that Defendant Nunez personally orchestrated and approved the rollback, directed sales staff to market the vehicle using the reduced mileage, and later attempted to conceal the misconduct by submitting an altered and non-authentic invoice to the Florida Department of Highway Safety and Motor Vehicles.

The DHSMV investigation concluded that the mileage reduction occurred while the vehicle was in Defendants' possession and issued citations for multiple odometer-related violations, including tampering and intent to defraud. Plaintiff brings claims under 49 U.S.C. §§ 32703 and 32704 against the dealership, and conspiracy claims against Defendant Nunez pursuant to § 32703(4), seeking statutory damages, treble damages, attorney's fees, and costs under § 32710.

## ii. PROCEDURAL HISTORY

Plaintiff filed her Amended Complaint on January 20, 2026. (Doc. 19). Defendants filed their Answer on February 9, 2026, asserting seven affirmative defenses and a reservation of rights. (Doc. 22). All purported affirmative defenses are improper and subject to being stricken under Rule 12(f).

## iii. LEGAL MEMORANDUM

Federal Rule of Civil Procedure 12(f) authorizes the Court to strike from a pleading an insufficient defense or any redundant, immaterial, or impertinent matter. An affirmative defense is one that admits the allegations of the complaint but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matter. *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 8 requires that a defendant give the plaintiff fair notice of the nature of the defense and the grounds upon which it rests. *Munro v. Fairchild Tropical Botanic Garden, Inc.*, No. 19-60667-CIV, 2020 WL 7865415, at *3 (S.D. Fla. Nov. 4, 2020). The purpose of an affirmative defense is to frame the issues and allow the opposing party to prepare to litigate them. *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) (citing *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988)).

An affirmative defense may be stricken if it is insufficient as a matter of law, meaning it is patently frivolous or clearly invalid on the face of the pleadings. *Microsoft Corp. v. Jesse's Comput. & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)). Defenses that merely negate elements of a plaintiff's prima facie case are not affirmative defenses and should be stricken. *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

Courts applying these principles in the Federal Odometer Act context have repeatedly struck defenses that attempt to repackage denials, shift blame to third parties, or inject negligence-style causation concepts that do not defeat the statutory elements. See *RKR Motors, Inc. v. Midway Leasing*, 2025 U.S. Dist. LEXIS 87201, at *3–8 (S.D. Fla. Mar. 5, 2025).

## iv. LEGAL ANALYSIS

### a. First Affirmative Defense – Lack of Intent to Defraud

Defendants' first affirmative defense asserts that Plaintiff's claims are barred because Defendants lacked the requisite intent to defraud. This is not an affirmative defense. Intent to defraud is an element Plaintiff must prove under the Federal Odometer Act. *Owens v. Samkle Auto., Inc.*, 425 F.3d 1318, 1321 (11th Cir. 2005). A defense that merely disputes an element of the plaintiff's prima facie case is a denial, not an affirmative defense. *In re Rawson*, 846 F.2d at 1349. Because this defense does not admit liability and avoid it through new matter, it should be stricken. *Home Design Servs., Inc. v. Park Square Enters., Inc.*, No. 6:02-cv-637-Orl-28JGG, 2005 WL 1027370, at *7 (M.D. Fla. May 2, 2005).

### b. Second Affirmative Defense – Third-Party Causation

In *RKR Motors, Inc. v. Midway Leasing*, the court squarely rejected the same tactic Defendants attempt here: avoiding liability under the Federal Odometer Act by attributing

wrongdoing to unnamed third parties and recasting statutory violations as causation disputes. 2025 U.S. Dist. LEXIS 87201, at *6–7 (S.D. Fla. Mar. 5, 2025). There, the defendant asserted that any alleged damages were caused by third parties rather than by its own conduct. The court struck that defense, holding that third-party negligence or fault has no bearing on liability under the Odometer Act, which requires only a statutory violation committed with intent to defraud. *Id.* at *6 (citing *Aguila v. Ripa & Assocs., LLC*, 587 F. Supp. 3d 1159, 1163 (S.D. Fla. 2022)).

The court further explained that attempts to shift blame to third parties do not constitute affirmative defenses because they do not admit the violation and avoid liability through new matter; instead, they merely deny the plaintiff's allegations. *Id.* at *6–7 (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)).

As in *RKR Motors*, Defendants here allege no facts identifying any third party, no conduct that would defeat the statutory elements, and no basis to avoid liability even if Plaintiff proves the odometer tampering and intent to defraud alleged in the Amended Complaint. Accordingly, Defendants' third-party causation defense is legally insufficient and should be stricken.

### c. Third Affirmative Defense – Intervening or Superseding Cause

Defendants' intervening or superseding cause defense fares no better. In *RKR Motors*, the court also struck defenses premised on causation theories that sought to reframe Odometer Act claims as negligence-style disputes over who "really" caused the plaintiff's damages. 2025 U.S. Dist. LEXIS 87201, at *6–7. The court held that such defenses are legally irrelevant because they do not defeat the elements of an Odometer Act claim, which turn on whether the defendant violated the statute and acted with intent to defraud, not on traditional tort concepts of proximate or superseding cause. *Id.* at *6. The court further emphasized that where conspiracy-based

liability is alleged, causation defenses grounded in third-party fault are particularly improper because conspiracy extends liability to all culpable participants regardless of whether others were also involved. *RKR Motors*, 2025 U.S. Dist. LEXIS 87201, at *7. Here, Defendants' superseding cause defense does not allege any facts that would negate the alleged odometer tampering, concealment, or conspiracy, and instead operates as a conclusory denial of liability dressed up as an affirmative defense. As above, so below- this purported defense is due to be stricken.

      d.      **Fourth Affirmative Defense – Failure to State a Claim**

Failure to state a claim is not an affirmative defense. It is a Rule 12(b)(6) defense. *Lopez v. Legal Aid Servs. of Broward Cnty., Inc.*, No. 10-cv-21847, 2010 WL 3767171, at *2 (S.D. Fla. Sept. 24, 2010); *In re Rawson*, 846 F.2d at 1349 n.9. This defense should be stricken.

      e.      **Fifth Affirmative Defense – Waiver**

Defendants assert waiver based on transaction documents. This defense is conclusory and legally insufficient. It fails to plead facts establishing a knowing and voluntary waiver and merely seeks to negate Plaintiff's allegations of concealment and fraud. See *Royal Palm*, 716 F. Supp. at 1420.

Waiver requires a voluntary relinquishment of a known right. *Irvine v. Cargill Investor Services, Inc.*, 799 F.2d 1461, 1464. "There can be no waiver unless the party against whom the waiver is invoked was in possession of all the material facts." *Id*. The defense is disfavored and may not be used to bring about ends contrary to public policy. *Northwestern National Casualty Co. v. McNulty*, 307 F.2d 432, 442-43 (5th Cir. 1962) (applying Florida law). Moreover, an individual cannot waive the protection of a statute that is designed to protect both the public and the individual. *Belcher v. Ocwen Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 173271, *3.

As a result, this defense is legally insufficient and must be stricken.

f.  **Sixth Affirmative Defense – Reliance on Written Disclosures**

Defendants contend Plaintiff cannot establish reliance. Plaintiff asserts statutory claims under the Odometer Act, not common-law fraud claims requiring reliance. This defense is immaterial and improperly pleaded. See *S.D. v. St. Johns Cnty. Sch. Dist.*, No. 3:09-cv-250, 2009 WL 1941482, at *1 (M.D. Fla. July 7, 2009). It should be stricken.

g.  **Seventh Affirmative Defense – Lack of Proximate Cause**

Defendants' lack-of-proximate-cause defense is conclusory and legally irrelevant. As *RKR Motors* makes clear, negligence-style causation defenses do not defeat Odometer Act liability or conspiracy claims. 2025 U.S. Dist. LEXIS 87201, at *6–7. This defense is an improper denial and should be stricken. *In re Rawson*, 846 F.2d at 1349.

h.  **Preservation of Additional Defenses**

Defendants' reservation of the right to assert additional defenses is not an affirmative defense. Boilerplate reservation clauses are legally meaningless. *Doral Boulevard Hotel, LLC v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 16-20697-CIV, 2016 WL 8793344, at *2 (S.D. Fla. May 23, 2016). Any future defenses must be raised through Rule 15. This language should be stricken.

v.  **CONCLUSION AND REQUESTED RELIEF**

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendants' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and "Preservation of Additional Defenses" affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f), and grant such other and further relief as the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 3.01(g), Middle District of Florida, undersigned counsel certifies that on February 25, 2026, counsel for Plaintiff conferred with counsel for Defendants in a good

faith effort to resolve the issues raised in this Motion to Strike Defendants' Affirmative Defenses.

During the conferral, Defendants indicated that they do not oppose the relief requested in the instant motion and advised that they intend to seek leave of Court to amend their Answer in order to assert properly pled affirmative defenses. Plaintiff files this motion out of an abundance of caution and to preserve the procedural posture of the pleadings in the event Defendants' anticipated motion for leave to amend is denied.

Respectfully submitted on February 25, 2026,

/s/ *Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email:  Josh@JFeyginesq.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan St #205
Hollywood, FL 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 25, 2026, the above document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who cannot receive electronically Notices of Filing.

*/s/ Joshua E. Feygin*
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685

## SERVICE LIST

All counsel of record.