UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:25-CV-2530

MARIA C. RODRIQUEZ,
An Individual,

    Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL
DISCOVERY RESPONSES AND FOR SANCTIONS**

Plaintiff, MARIA C. RODRIGUEZ, by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 33, 34, and 37, respectfully moves this Court for entry of an Order compelling Defendant, LUX SEVEN AUTO SALES, CORP, a Florida Profit Corporation to serve full and complete discovery responses, deeming objections waived, and awarding attorney's fees.

i.   BACKGROUND

On December 16, 2025, Plaintiff served upon Defendant Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Production, and Plaintiff's First Set of Requests for Admissions via email to counsel of record, Byron Acosta, Esq., as reflected in the service correspondence attached hereto as Exhibit "A." The discovery included detailed interrogatories, requests for production, and requests for admission concerning Defendant's acquisition of the subject vehicle, mileage disclosures, odometer replacement, title documentation, internal dealership records, and related communications, as reflected in Plaintiff's written discovery attached hereto as Composite Exhibit "B."

Pursuant to Rules 33(b)(2), 34(b)(2)(A), and 36(a)(3), Defendant's responses were due January 15, 2026. On January 21, 2026, after the discovery was already past due, defense counsel requested a thirty-day extension of time to respond. Plaintiff agreed to that extension. Exhibit "C."[1]

Defendant once more served no responses. No interrogatory answers were provided. No responses or objections to the Requests for Production were served. No responses or objections to the Requests for Admissions were served. No documents were produced. No objections were asserted.

---

[1] Plaintiff understood the extension of time to operate retroactively, making the new response deadline February 14, 2026. Nevertheless, Plaintiff afforded Defendant the benefit of doubt and waited more than 30 days from the date the extension was requested to provide responses before initiating a conferral attempt.

On February 26, 2026, Plaintiff conferred with Defendant's counsel via email and in an effort to avoid court intervention and proposed that the responses be served by no later than March 03, 2026 together with responsive records and that all objections have been deemed waived. Defendant agreed to the proposal. Exhibit "D." Once more, Defendant inexplicably failed to comply.

Defendant's willful and contumacious noncompliance with its discovery obligations has caused concrete and immediate prejudice. The corporate representative deposition of Lux Seven Auto Sales, Corp. is scheduled for March 10, 2026. Exhibit "E." Plaintiff has been deprived of, *inter-alia*, interrogatory answers identifying knowledgeable individuals, production of acquisition and mileage documentation, and admissions narrowing disputed issues. Without these materials, Plaintiff cannot meaningfully prepare for or conduct the Rule 30(b)(6) deposition. The discovery sought goes directly to the key issues in the lawsuit, such as the mileage discrepancies, odometer replacement, acquisition records, internal authorization, and communications with state agencies. Proceeding to deposition without these materials substantially impairs Plaintiff's ability to examine the corporate representative.

ii.   **LEGAL MEMORANDUM**

Rule 37(a)(3)(B) authorizes a motion to compel where a party fails to answer interrogatories or fails to produce documents. Defendant has entirely failed to respond. Where no timely objections are served, objections are waived. *Pitts v. Francis, No.* 5:07cv169/RS/EMT, 2008 U.S. Dist. LEXIS 41894, at *6 (N.D. Fla. May 28, 2008) ("[W]hen a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived."). The waiver operates even in situations where a party had a proper objection to a discovery request. *Third Party Verification, Inc. v. SignatureLink, Inc.,* 2007 U.S. Dist. LEXIS

32238, 2007 WL 1288361 *3 (M.D. Fla. 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (internal citations omitted); *Third Party Verification, Inc. v. SignatureLink, Inc*., 2007 WL 1288361, at *3 (M.D. Fla. 2007) (holding failure to file timely objections results in waiver, including privilege or work product objections). Because Defendant did not serve objections within the time permitted by the Federal Rules or within the agreed extensions, all objections ought to be deemed waived.

Rule 36(a)(3) provides that a matter is admitted unless a written answer or objection is served within thirty days. Requests for admissions that are not answered within 30 days are automatically deemed admitted, and the matters addressed in those requests become "conclusively established. *United States v. 2204 Barbara Lane,* 960 F.2d 126, 129 (11th Cir. 1992) (citation omitted); *see also Haas v. Fancher (In re Fancher),* 802 F. App'x 538, 542 (11th Cir. 2020) (recognizing the automatic operation of Rule 36(a)(3), which converts unanswered requests into admissions). Rule 36 ensures trials are expedited and relieves parties of the costs associated with proving facts that will not be disputed at trial. *Perez v. Miami-Dade Cty.,* 297 F.3d 1255, 1264 (11th Cir. 2002) (citation omitted). There can be no dispute that the Defendant has served no responses to Plaintiff's Requests for Admission. The matters set forth therein are therefore admitted, as a matter of law.[2]

Rule 37(a)(5)(A) further provides that if a motion to compel is granted, the Court must require the noncompliant party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the failure was substantially justified or other circumstances make an award unjust. The provisions of Rule 37(a)(5)(A) apply only when the

---

[2] Because Rule 36(a)(3) operates automatically to deem unanswered requests admitted, Plaintiff does not seek an order declaring Plaintiff's Requests for Admissions admitted. Rather, Plaintiff respectfully raises the issue to establish a clear and conclusive record for purposes of future motion practice, should the need arise.

motion is granted or the nonmoving party provides disclosure or discovery after the motion is filed. *Knights Armament Co. v. Optical Sys. Tech., Inc*., 254 F.R.D. 470, 472 n.4 (M.D. Fla. 2008). There has been no justification for Defendant's complete failure to respond. Plaintiff served discovery in December 2025, agreed to a thirty-day extension after the original deadline had passed, afforded Defendant yet another opportunity to cure the abject failure to comply with its discovery obligations and still received nothing. The record makes clear that the Plaintiff made diligent and appropriate efforts to obtain the outstanding discovery, in good faith, without court intervention. Plaintiff is now approaching a corporate representative deposition without the discovery required to prepare for it. An award of attorney's fees is warranted.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Rule 3.01(g), undersigned counsel certifies that he conferred with defense counsel via email on February 26, 2026, regarding the relief sought in this Motion and provided a draft copy of this Motion to Defendant. An agreement was reached to provide the outstanding responses, together with responsive records, with all objections having been waived by March 03, 2026. Ex. D. Despite this agreement, no responses or records were received.

**WHEREFORE**, Plaintiff, MARIA C. RODRIGUEZ, respectfully requests that this Court enter an Order compelling Defendant, LUX SEVEN AUTO SALES, CORP., a Florida Profit Corporation, to serve full and complete responses to Plaintiff's First Set of Interrogatories, Requests for Production within ten (10) days; deeming all objections to the outstanding discovery waived; awarding Plaintiff her reasonable attorney's fees and costs incurred in bringing this Motion pursuant to Rule 37(a)(5)(A); and granting such further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
4601 Sheridan Street
Suite 205
Hollywood, Florida 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2025, I served the foregoing to the following counsel of record:

Byron Acosta, Esq.
FL Bar No.: 1039193
**Byron Acosta, P.A.**
2393 S. Congress Ave
Suite 207
West Palm Beach, FL 33406
*Counsel for Defendant,*
*LUX SEVEN AUTO SALES, CORP. and LUIS NUNEZ*

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685