**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:25-CV-2530**

MARIA C. RODRIQUEZ,
An Individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

     Defendants.
_____/

**<u>NOTICE OF SERVICE OF FIRST INTERROGATORIES TO</u>**
**<u>TO DEFENDANT LUX SEVEN AUTO SALES, CORP.</u>**

     Plaintiff, an individual, by and through his undersigned attorney, pursuant to Rule 34, Federal Rules of Civil Procedure, hereby gives notice he has served a copy of Plaintiff's First Interrogatories to Defendant, LUX SEVEN AUTO SALES, CORP., a Florida corporation, consisting of TEN (10) interrogatories, with sub-parts, Tuesday, December 16, 2025. Responses are due within thirty (30) days of the date of service.

/s/ Joshua E. Feygin

JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW
FIRM
4601 Sheridan Street
Suite 205
Hollywood, Florida 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 16, 2025, I served the foregoing Interrogatory requests via e-mail to the following counsel of record:

Byron Acosta, Esq.
FL Bar No.: 1039193
**Byron Acosta, P.A.**
2393 S. Congress Ave
Suite 207
West Palm Beach, FL 33406
*Counsel for Defendants, LUX SEVEN AUTO SALES, CORP., and LUIS NUNEZ*

/s/ Joshua E. Feygin

JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:25-CV-2530**

MARIA C. RODRIQUEZ,
An Individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

     Defendants.

_____/

**PLAINTIFF'S FIRST INTERROGATORIES**
**TO DEFENDANT LUX SEVEN AUTO SALES, CORP.**

TO:    LUX SEVEN AUTO SALES, CORP
       c/o Byron Acosta, Esq.
       Byron Acosta, P.A.
       2393 S. Congress Ave
       Suite 207
       West Palm Beach, FL 33406

Pursuant to Rule 33, Federal Rules of Civil Procedure, the above-named party is required,

within the time period prescribed by said Rule, to answer under oath and in writing the following

Interrogatories:

**I. DEFINITIONS**

As used herein, the term "document" means a printed, typed, or other graphic matter of

any kind or nature however produced or reproduced, whether sent or received, including drafts

and copies bearing notations and marks not found on the original, including, but not necessarily

limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes,

telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of

Page **1** of **7**

or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what

disposition was made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

As used herein, the term "**Vehicle**" shall refer to that certain that certain 2018 Ford Escape which is the subject matter of the instant Complaint.

As used herein, the term "**LUX SEVEN**" shall refer to Defendant, LUX SEVEN AUTO SALES, CORP.

As used herein, the term "**Transferee Party**" shall refer to any person with whom LUX SEVEN did business with to sell, transfer, assign, or dispose of the Vehicle.

As used herein, the term "**Transfer Title**" shall refer to Exhibit "A" attached hereto.

## II. DIRECTIONS

A.     Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(a).  The date of the document;

(b). The identity of all persons having knowledge of the contents of the document; and

(c).  The basis on which the privilege is claimed.

B.     Applicable Time Period.

The instant request shall address the time period extending from January 1, 2016 to the present, unless the request indicates otherwise.

III.                              **INTERROGATORIES**

1.      **Affiant.** Please identify the person(s) who participated in the preparation of the answers to these Interrogatories. As to any such person, identify which Interrogatory such assistance was provided as well as the source of information for such assistance.

2.      **Potential Witness(es).** Please identify all persons who are believed or known by **LUX SEVEN**, its agents or attorneys, to have any knowledge concerning any of the issues or matters raised in the pleadings herein and specify the subject matter about which the witness has knowledge.

5.      **Statements by Plaintiff.** Identify each and every person believed or known by **LUX SEVEN**, its agents and/or attorneys, to have heard Plaintiff, her agents, or her representatives, make any statement, remark, or comment concerning any matters or issues raised in the pleadings herein, and state the substance of any such statement, remark, or comment.

6.      **Witness Statement(s).** State whether **LUX SEVEN**, its agents, attorneys, or anyone acting on **LUX SEVEN's** behalf, have obtained statements in any form from any person(s) regarding any issue raised in this lawsuit. If so, state the following:

(a). Identify the person(s) giving the statement(s);

(b). The date when such statement(s) was taken;

(c). The name and address of the person(s) taking the statement; and

(d). Whether a copy of such statement(s) was given to the person(s) from whom it was taken.

7.      **Identification of Actors as to Vehicle.** Identify each person (including the **Transferee Party**) known to **LUX SEVEN** who performed any activity with respect to the repair, servicing,

marketing, sale, transfer, assignment, or disposition of the **Vehicle** (regardless of whether the person is an employee or agent of **LUX SEVEN**). As to any such person, identify:

(a). The activity performed;

(b). Whether the person knew the **Vehicle's** odometer had been replaced; and,

(d). All communications (both written and oral) between **LUX SEVEN** and the person concerning the instant action.

8.    **Acquisition of Vehicle.** Describe the step-by-step process by which **LUX SEVEN** acquired the **Vehicle**. In responding to this Request, identify who authorized the purchase of the **Vehicle** on behalf of **LUX SEVEN**, who signed the **Transfer Title** on behalf of **LUX SEVEN** when the **Vehicle** was purchased for resale, the mileage disclosed to **LUX SEVEN** at the time of the **Vehicle** purchase, and the identity of the individual who selected the "NOT ACTUAL" mileage disclosure on the **Transfer Title** in connection with the mileage disclosure provided on the **Transfer Title** for **LUX SEVEN's** purchase of the **Vehicle**.

9.    **Disposition of Vehicle**. Describe the step-by-step process by which **LUX SEVEN** marketed, sold, transferred, assigned, or disposed of the **Vehicle**.

10.    **Completion of Transfer Title.** Describe the step-by-step process by which **LUX SEVEN** completed the disclosures in the **Transfer Title** with respect to the sale of the **Vehicle** to the Plaintiff. In responding to this request,  identify the person who signed the **Transfer Title** on behalf of **Plaintiff**, identify the person who signed the **Transfer Title** on behalf of **LUX SEVEN,** the date the **Vehicle** was sold to the Plaintiff,  and identify who selected the "NOT ACTUAL" mileage designation when the **Vehicle** was sold to the Plaintiff.

**LUX SEVEN AUTO SALES, CORP.**


By:_____


STATE OF_____)

                              :

COUNTY OF_____)


The foregoing answers to interrogatories were acknowledged before me (   ) in person (   )

remotely/electronically as true and correct this_____day of_____, 2025, by_____

_____on behalf of **LUX SEVEN AUTO SALES, CORP**. (  ) who is

personally known to me or (  ) who has produced a valid driver's license as identification and

appeared (  ) remotely through audio-visual technology or (  ) in person.


_____/
NOTARY PUBLIC

**EXHIBIT A**

A00288

## STATE OF FLORIDA — LIEN SATISFACTION

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| ███████6888 | 2018 | FORD | UT | 3415 | | 130362694 |

Date of Issue 05/14/2021

Registered Owner:

Mail To:

**Lien Release**
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

**IMPORTANT INFORMATION**
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.flhsmv.gov/html/titlinf.html

---

## CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| ███████6888 | 2018 | FORD | UT | 3415 | | 130362694 |

| Prev State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | WHI | | | | PRIVATE | 04/04/2018 |

| Odometer Status or Vessel Manufacturer or CH use | Engine Drive | Hull Material | Prop | Date of Issue |
|---|---|---|---|---|
| 25457 MI 05/14/2021 ACTUAL | | | | 05/14/2021 |

Registered Owner

█████████████

1st Lienholder    ELECTRONIC TITLE PRIOR TO 10/03/2024

NONE

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

DIVISION OF MOTORIST SERVICES    TALLAHASSEE    FLORIDA    DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

*Robert R. Kynoch*
Robert R. Kynoch
Director

Control Number  171246722

David M. Kerner
Executive Director

**TRANSFER OF TITLE BY SELLER** (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described herein is hereby transferred to:

Seller Must Enter Purchaser's Name: _____ Pedoria _____ 9 S. Congress Ste. 300 _____    Austin TX 78701    Address: _____

Seller Must Enter Selling Price: _____ Doc Title# P122562W _____    Seller Must Enter Date Sold: _____

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads | 1 | 5 | 6 | 5 | 0 | x | (no tenths) miles, date read _____ and I hereby certify that to the best of my knowledge the odometer reading:
☐ 1. reflects ACTUAL MILEAGE.    ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS.    ☒ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: █████████████    CO-SELLER Must Sign Here: _____
Print Here: _____    Print Here: _____

Selling Dealer's License Number: _____    Tax No.: _____    Tax Collected: _____
Auction Name  IAA    License Number: _____    VI-1024209-2

PURCHASER Must Sign Here: _____    CO-PURCHASER Must Sign Here: _____
Print Here:  Sean Marshall (Rep)    Print Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 3/15)    STATE OF FLORIDA

STATE OF FLORIDA
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
DIVISION OF MOTOR VEHICLES
2900 Apalachee Parkway • Neil Kirkman Building • Tallahassee, FL 32399-0620
**Notice of Sale of Motor Vehicle, Mobile Home or Vessel**

Section 319.22(2), Florida Statutes, requires that the seller file a Notice of Sale with the department within 30 days after the sale or transfer of the motor vehicle, vessel or mobile home. Filing this form removes any civil liability for the operation of the sold motor vehicle, vessel or mobile home. In addition to filing this form, we suggest you keep a copy of your bill of sale (we suggest it be notarized), certificate of title or other type of transaction document showing the vehicle was sold. **Complete the information below, tear the top portion of this document at the perforation and mail to the address above or submit to your local tax collector's office or license plate agency.**

I have this _____ day of _____ , _____ , transferred by assignment of and delivered Florida Certificate of Title to:

Name: Purchaser(s) _____     Purchaser's DL/ID _____
　　　　　　　First　　　　　　　MI　　　　　　　Last

Address _____     Selling Price $ _____

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Seller's Signature _____     Co-Seller's Signature _____

**NOTE: THE SUBMISSION OF THIS FORM, ACCURATELY COMPLETED, TO A TAX COLLECTOR'S OFFICE, LICENSE PLATE AGENCY OR TO THE ADDRESS ABOVE WILL ALLOW THE TITLE CLERK TO UPDATE THE DMV DATABASE TO REFLECT THE TITLE RECORD AS "SOLD". HOWEVER, THE OWNERSHIP STATUS WILL NOT CHANGE UNTIL THE PURCHASER APPLIES FOR AND IS ISSUED A CERTIFICATE OF TITLE.**

---

ODOMETER CERTIFICATION - Federal and state law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

Peddle, LLC
1011 6th Street Ste 200
Austin, TX 78701
Dealer Lic# P12256EW

Selling Dealer's License No.: ___     Selling Dealer's Name: _____     Tax No.: _____     Tax Collected: _____     Date Sold: 1-16-24

Purchaser's Name(s): Lux Seven Auto Sales corp     Address: 2240 US Hwy 98 E Unit #8

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS |1|6|1|6|6|5|0| (NO TENTHS) MILES, DATE READ 1-19-24, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☒ 3. IS NOT THE ACTUAL MILEAGE WARNING - ODOMETER DISCREPANCY.

Purchaser Must Sign Here: agt
Print Here: LUX SEVEN AUTO SALES

Co-Purchaser Must Sign Here: _____
Print Here: _____

Seller/Agent Must Sign Here: Sean Marshall (Rep)
Print Here: _____

Auction Name (When Applicable): IAA
Auction License Number: VA/1005343/2

---

Selling Dealer's License No.: H 1091956     Selling Dealer's Name: LUX SEVEN AUTO SALES     Tax No.: 63801 8004189     Tax Collected: $1280.00     Date Sold: 2-7-25

Selling Dealer's Address: 2240 US Hwy 92E UNIT 8 Lakeland FL 33801

Purchaser's Name(s): Maria Carmen Rodriguez     Address: _____

I/WE STATE THAT THIS ☐ 5 OR ☒ 6 DIGIT ODOMETER NOW READS |7|2|5|7|6| XX (NO TENTHS) MILES, DATE READ 02-07-25, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☒ 3. IS NOT THE ACTUAL MILEAGE WARNING - ODOMETER DISCREPANCY.

Purchaser Must Sign Here: X
Print Here: X Gloria Rodrigues

Co-Purchaser Must Sign Here: _____
Print Here: _____

Seller/Agent Must Sign Here: agt
Print Here: LUX SEVEN auto SALES

Auction Name (When Applicable): _____
Auction License Number: _____

---

Selling Dealer's License No.: _____     Selling Dealer's Name: _____     Tax No.: _____     Tax Collected: _____     Date Sold: _____

Selling Dealer's Address: _____

Purchaser's Name(s): _____     Address: _____

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS |_|_|_|_|_|_| XX (NO TENTHS) MILES, DATE READ _____, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX
☐ 1. REFLECTS ACTUAL MILEAGE
☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS)
☐ 3. IS NOT THE ACTUAL MILEAGE WARNING - ODOMETER DISCREPANCY.

Purchaser Must Sign Here: _____
Print Here: _____

Co-Purchaser Must Sign Here: _____
Print Here: _____

Seller/Agent Must Sign Here: _____
Print Here: _____

Auction Name (When Applicable): _____
Auction License Number: _____

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:25-CV-2530**

MARIA C. RODRIQUEZ,
An Individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

     Defendants.

_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO**
**DEFENDANT LUX SEVEN AUTO SALES, CORP.**
**(Vehicle Purchase and Sale Documents)**

TO:   LUX SEVEN AUTO SALES, CORP
      c/o Byron Acosta, Esq.
      Byron Acosta, P.A.
      2393 S. Congress Ave
      Suite 207
      West Palm Beach, FL 33406

    Plaintiff, Maria C. Rodriquez, an individual ("Ms. Rodriquez"), pursuant to Rule 33,

Federal Rules of Civil Procedure, requests Defendant, LUX SEVEN AUTO SALES, CORP., a

Florida corporation, to produce at the Law Office of SUE YOUR DEALER – A LAW FIRM,

Esquire, 4601 Sheridan Street, Hollywood, Florida 33021, within the time period provided in

said Rule for inspection, examination, and copying of the following described documents:

I.    **DEFINITIONS**

As used herein, the term "document" means a printed, typed, or other graphic matter of any kind or nature however produced or reproduced, whether sent or received, including drafts and copies bearing notations and marks not found on the original, including, but not necessarily limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes, telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of or relating to telephone conversations and conferences, tabulations, studies, analyses, evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and the reason for its disposition.

As used herein, the term "**Vehicle**" shall refer to that certain 2018 Ford Escape which is the subject matter of the instant Complaint.

As used herein, the term "**LUX SEVEN**" shall refer to Defendant, LUX SEVEN AUTO SALES, CORP.

As used herein, the term "**Transferee Party**" shall refer to any person with whom LUX SEVEN did business with to sell, transfer, assign, or dispose of the Vehicle.

## II.    DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(1).   The date of the document;

(2).   The identity of all persons having knowledge of the contents of the document; and

(3).   The basis on which the privilege is claimed.

B.    Applicable Time Period.

The instant request shall address the time period extending from January 1, 2023 to the present, unless the request indicates otherwise.

**PLEASE NOTE WORDS IN BOLDFACE ARE DEFINED TERMS ABOVE**

### III.    DOCUMENTS

A.    All documents received from or sent to the **LUX SEVEN** in connection with the **Vehicle** at any time.

B.    All documents which refer or pertain to Plaintiff's purchase of the **Vehicle** or the sale or transfer of the **Vehicle** by **LUX SEVEN,** or to the **Vehicle** including the following:

(1).    each purchase order and sales invoice;

(2).    each odometer statement;

(3).    each document which constitutes or refers to title to the **Vehicle** at any time, including but without limitation to each application for a Certificate of Title and related documents;

(4).    each "deal jacket" (both interior and exterior) for the sale of **Vehicle**;

(5).    the stock and inventory cards or like records for the **Vehicle**, including electronically stored records that describe the Vehicle as inventory or equipment of **LUX SEVEN**;

(6).    the daily cash receipts journal and/or ledger which reflects any payments by Plaintiff or other person, including any **Transferee Party**, on its behalf in connection with the purchase and sale of the **Vehicle**;

(7).  all internal worksheets or other drafts or documents used by **LUX SEVEN** in connection with the **Vehicle**;

(8). each inspection sticker or stickers for the **Vehicle** and any other documents referring to the **Vehicle** as being inspected by, passed or failed by any inspection station;

(9). all documents which record or refer to changes made or work done to the **Vehicle** by **LUX SEVEN** prior to the sale to Plaintiff, at the time of sale or after its sale to Plaintiff, including modifications, tampering or alterations to any odometer;

(10). all notes, memoranda, or other documents which record or reflect other documents which record or reflect conversations or other communications related to the **Vehicle**, the **Transferee Party**, Plaintiff, whether before, during or after the sale, transfer or purchase of the **Vehicle**;

(11). all documents prepared for, sent to, or received from any insurance company concerning any theft, vandalism, accidents or damage involving the Vehicle at any time;

(12). each photograph, videotape, or other visual embodiment of the **Vehicle** taken or prepared at any time;

(13). all printed advertisements, sales brochures, or other promotional materials which refer to the **Vehicle** at any time, including but not limited to the complete Manheim Condition Report;

(14). the warranty as to the Vehicle and all documents submitted by or received by **LUX SEVEN** in connection with any warranty claims on the **Vehicle**;

(15). all handwritten or typewritten notes and a print-out of all computer entries which refer to the **Transferee Party**, the purchase and sale of the **Vehicle**, or the **Vehicle**;

(16). all correspondence and other documents which **LUX SEVEN** sent to, or received from, any person or entity from whom **LUX SEVEN** acquired the **Vehicle** which referred

to the **Vehicle** in any way at any time, including but not necessarily limited to any

Buyer's order, bill of sale, pre-delivery inspection checklist, or repair invoice(s);

(17).    all documents which contain an explanation of any accounting codes or other

documents needed to understanding abbreviations or codes contained in the documents

and things produced in response to any request herein;

C.    All communications to and from **LUX SEVEN** concerning the purchase of the

     **Vehicle** by **LUX SEVEN**, including but not limited to any post-acquisition

     disputes waged by **LUX SEVEN** with the seller of the **Vehicle**.

D.    All communications to and from the **LUX SEVEN** concerning the purchase of the

     **Vehicle** by Ms. Rodriquez, including tape recording of phone calls.

E.    All documents which evidence the purchase and sale of the **Vehicle** by the **LUX**

     **SEVEN** from any third-party.

F.    All documents pertaining to any estimates of value of the **Vehicle**.

G.    All emails and text messages of any sort that mention, pertain to or discuss in any

     way:

     (1).  the **Vehicle;**

     (2).  the instant lawsuit; or

     (3).  Ms. Rodriquez or the attorneys for Ms. Rodriquez.

I.    All documents pertaining to any audit of the **LUX SEVEN** with respect to the

**Vehicle** by any state agency.

J.    All documents which refer to any **Transferee Party**.

K.    All text messages or emails to and from the **Transferee Party.**

L.    All phone records that reflect calls by or to any employee, agent, or representative of

     **LUX SEVEN** and the **Transferee Party**.

M.     A copy (front and back) of any title to the **Vehicle** and any transfer documents for the **Vehicle**.

P.   Any receipt or other document showing monies received by **LUX SEVEN** as a result of the transfer or sale of the **Vehicle**.

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW FIRM
4601 Sheridan Street
Suite 205
Hollywood, Florida 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on December 16, 2025, I served the foregoing Request

for Production of Documents via e-mail to the following counsel of record:


Byron Acosta, Esq.
FL Bar No.: 1039193
**Byron Acosta, P.A.**
2393 S. Congress Ave
Suite 207
West Palm Beach, FL 33406
*Counsel for Defendant,*
*LUX SEVEN AUTO SALES, CORP. and LUIS NUNEZ*

/s/ Joshua E. Feygin
JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

## CASE NO.: 8:25-CV-2530

MARIA C. RODRIQUEZ,
An Individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

      Defendants.

_____ /

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
## TO DEFENDANT LUX SEVEN AUTO SALES, CORP.

TO:    LUX SEVEN AUTO SALES, CORP
      c/o Byron Acosta, Esq.
      Byron Acosta, P.A.
      2393 S. Congress Ave
      Suite 207
      West Palm Beach, FL 33406

Pursuant to Rule 36, Federal Rules of Civil Procedure, the above-named party is required,

within the time period prescribed by said Rule, to admit or deny the following requests:

## I. DEFINITIONS

As used herein, the term "document" means a printed, typed, or other graphic matter of

any kind or nature however produced or reproduced, whether sent or received, including drafts

and copies bearing notations and marks not found on the original, including, but not necessarily

limited to, all memoranda, reports, financial statements, notes, transcripts, letters, envelopes,

telegrams, cables, telex messages, telephonic messages, reports, notes, notations, memoranda of

or relating to telephone conversations and conferences, tabulations, studies, analyses,

evaluations, projections, work papers, statements, summaries, opinions, journals, statistical reports, desk calendars, appointment books, diaries, lists, comparisons, questionnaires, surveys, charts, graphs, minutes or transcriptions of any and all meetings, photographs, microfiche, microfilms, tapes, computer tapes, computer disks, diskettes and all other computer data storage formats or other recordings or mechanical reproductions for which information can be obtained and or translated if necessary by the requesting party into usable form.

As used herein, the term "person" includes natural persons, corporations, partnerships, and all other forms of organizations or associations.

As used herein, the terms "identify", "identity", or "identification", when used in reference to any individual or person, means to state his or her full name, present address, and telephone number, if known, and his present employer and business affiliation. When used in reference to a person other than an individual person, "identify", "identity", or "identification" means to state whether such person is a corporation, partner, or other organization, and the name, present, and last known address principal place of business, and state of incorporation, if application. Once any person has been properly identified, it shall be sufficient thereafter when identifying same to state the name of the person only.

As used herein, the terms "identify", "identity", or "identification" when used in reference to any document or documents, means to state the date of its execution, or, if undated, the date prepared, the author, or if different, the signatory or signatories, type of document, or other means of identifying it with sufficient particularity to meet the requirements for inclusion in a request for production of documents pursuant to the Federal Rules of Civil Procedure. If any such document was, but is no longer, in your possession or subject to your control, state what disposition was

made of it and the reason for its disposition. In lieu of identifying the document, a true and correct copy thereof may be incorporated into the answers to these Interrogatories.

"Plaintiff" means Maria C. Rodriquez, including her agents, representatives, and attorneys.

"Defendant" means Lux Seven Auto Sales, Corp., including the corporation itself and its past and present officers, directors, managers, employees, agents, representatives, and any person or entity acting or purporting to act on its behalf.

"Luis Nunez" means Luis Nunez, individually and in his capacity as President, officer, manager, or decision-maker of Defendant.

"Subject Vehicle" means the 2018 Ford Escape, VIN ending in 36888, that is the subject of this lawsuit.

"Acquisition" means Defendant's purchase, receipt, or taking possession of the Subject Vehicle from any source, including but not limited to Insurance Auto Auctions, in or about November 2024.

"Acquisition Records" means all records, documents, photographs, data, or information in Defendant's possession, custody, or control that reflect or relate to the mileage, condition, ownership, or status of the Subject Vehicle at or near the time of Acquisition, including auction records, titles, condition reports, photographs, and internal dealership records.

"Sale" means Defendant's retail sale or transfer of the Subject Vehicle to Plaintiff on or about February 7, 2025, including all acts and documents associated with that transaction.

"Odometer" means the mileage display, instrument cluster, odometer reading, ECU data, and any device, component, or system used to record, store, calculate, or display the mileage of the Subject Vehicle.

"Odometer Replacement" means the removal, replacement, servicing, repair, programming, or installation of an odometer or instrument cluster in the Subject Vehicle.

"Odometer Replacement Label" or "Notice" means the written notice required by federal law to be affixed to a vehicle following an odometer replacement, stating the prior mileage and date of service.

"DHSMV" means the Florida Department of Highway Safety and Motor Vehicles, including any division, investigator, employee, or agent thereof.

"Corresponded" or "Correspondence" means any written, electronic, or oral communication, including letters, emails, forms, submissions, explanations, or statements, whether formal or informal.

"Authorized" means approved, directed, permitted, ratified, or allowed, either expressly or implicitly.

The singular includes the plural and vice versa.

The present tense includes the past tense.

The term "or" shall be construed in the disjunctive or conjunctive as necessary to give full effect to these Requests.

## II. DIRECTIONS

A.    Claim of Privilege

If the party to whom this request is directed objects to any document request on the basis of a claim of attorney/client, work product, or other privilege, the party so objecting shall identify the privilege claimed and shall provide the following with respect to each document for which the privilege is asserted:

(a).  The date of the document;

(b). The identity of all persons having knowledge of the contents of the

document; and

(c).   The basis on which the privilege is claimed.

B.      Applicable Time Period.

The instant request shall address the time period extending from January 1, 2022 to the

present, unless the request indicates otherwise.

### III. REQUESTS

1.      Admit that Defendant purchased the Subject Vehicle with 156,650 miles disclosed

on the Subject Vehicle's odometer.

2.      Admit that Defendant's Acquisition Records showed the Subject Vehicle had

mileage in excess of 72,576 miles at the time of its sale to the Plaintiff.

3.      Admit that Defendant sold the Subject Vehicle to Plaintiff on or about February 7,

2025.

4.      Admit that Defendant disclosed the Subject Vehicle's mileage reading on the

odometer was at or about 72,576 miles at the time of the Sale to Plaintiff.

5.      Admit that the Subject Vehicle's mileage at the time of the Sale was in excess of

72,576 miles.

6.      Admit that the mileage disclosed on the Subject Vehicle's odometer at the time of

the Sale was lower than the mileage shown in Defendant's Acquisition Records.

7.      Admit that Defendant did not tell Plaintiff that the Subject Vehicle previously

showed mileage in excess of 72,576 miles.

8.      Admit that the odometer in the Subject Vehicle was replaced.

9.     Admit that the Defendant stated that the Subject Vehicle's odometer had been replaced by "HEC MAR AUTO SERVICES" when corresponding with the Florida DHSMV in relation to Plaintiff's complaint filed with the DHSMV.

10.     Admit that the Defendant authorized "HEC MAR AUTO SERVICES" to replace the odometer on the Subject Vehicle.

11.     Admit that the Defendant provided the DHSMV with an invoice from "GARDNER AUTO PARTS" for the replacement of the Subject Vehicle's odometer.

12.     Admit that an odometer replacement label or notice was not affixed on the Subject Vehicle following the replacement of the odometer.

13.     Admit that the Defendant, or its agents or employees, did not reset the mileage to read "0" following replacement of the odometer in the Subject Vehicle.

14.     Admit that following its replacement, the odometer in the Subject Vehicle was not programed to read the same mileage as the odometer read prior to the replacement.

15.     Admit that Defendant knew that mileage impacts the value of a used vehicle.

16.     Admit that Plaintiff was not informed of the Subject Vehicle's true mileage before the Sale.

17.     Admit that Luis Nunez corresponded with the Florida DHSMV in relation to the complaint filed by the Plaintiff against the Defendant.

18.     Admit that Luis Nunez authorized the purchase of the Subject Vehicle by the Defendant.

19.     Admit that Luis Nunez is the President of LUX SEVEN AUTO SALES, CORP.

20.     Admit that Luis Nunez signed the Renewal Application for the Defendant's license to engage in the business of a motor vehicle dealership.

/s/ Joshua E. Feygin

JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
SUE YOUR DEALER – A LAW
FIRM
4601 Sheridan Street
Suite 205
Hollywood, Florida 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2025, I served the foregoing Request

for Admissions via e-mail to the following counsel of record:

Byron Acosta, Esq.
FL Bar No.: 1039193
**Byron Acosta, P.A.**
2393 S. Congress Ave
Suite 207
West Palm Beach, FL 33406
*Counsel for Defendant,*
*LUX SEVEN AUTO SALES, CORP. and LUIS NUNEZ*

/s/ Joshua E. Feygin

JOSHUA FEYGIN, ESQ.
FL Bar No.: 124685