UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CASE NO.: 8:25-CV-2530**

MARIA C. RODRIQUEZ,
An Individual,

      Plaintiff,

vs.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and,
LUIS NUNEZ, an individual,

      Defendants.
_____/

**PLAINTIFF'S NOTICE OF TAKING THE VIDEO-TAPED DEPOSITION OF
LUX SEVEN AUTO SALES, CORP.'S CORPORATE REPRESENTATIVE**

To:    **LUX SEVEN AUTO SALES, CORP., d/b/a LUX SEVEN AUTO SALES, CORP**
        c/o Byron Acosta, Esq.
        Byron Acosta, P.A.
        2393 S. Congress Ave
        Suite 207
        West Palm Beach, FL 33406

    **PLEASE TAKE NOTICE** that Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, the stenographic video deposition of above-mentioned Defendant's Corporate Representative will be taken before a qualified notary public via Zoom on a date and time to be determined between the parties.

    **Time and Date:** March 10, 2026 commencing at 10:00 AM EST

    **Place:** Via Zoom

    At said time and place, LUX SEVEN AUTO SALES, CORP., is required to produce the documents listed in Schedule "B" attached hereto.

    This deposition is being taken for purposes of discovery and/or for use a trial.

## INSTRUCTIONS AND DEFINITIONS

1. The following definitions are applicable to the requests in Schedule A and B.

2. "You" and "Your" mean the party to whom these requests are directed, including the party's past and present agents, employees, officers, directors, managers, representatives, contractors, successors, assigns, and any person or entity acting or purporting to act on the party's behalf.

3. "Defendant" or "Dealership" means Lux Seven Auto Sales, Corp., including the corporation itself and all past and present agents, employees, officers, directors, managers, representatives, contractors, successors, assigns, and any person or entity acting or purporting to act on its behalf.

4. "Plaintiff" or "Purchaser" means Maria C. Rodriquez and any person or entity acting on her behalf.

5. "Subject Vehicle" or "Vehicle" means the motor vehicle that is the subject of the Complaint, specifically the 2018 Ford Escape, VIN ending in 36888.

6. "Acquisition" means Defendant's purchase, receipt, or taking possession of the Subject Vehicle from any source, including any auction, wholesaler, insurer, dealer, or third party.

7. "Sale" means Defendant's retail sale or transfer of the Subject Vehicle to Plaintiff on or about February 7, 2025.

8. "Document" and "Documents" mean all written, printed, typed, recorded, graphic, or electronically stored information of any kind, however created or maintained, including drafts and non-identical copies. This includes, without limitation, emails, text messages, instant messages, databases, spreadsheets, photographs, videos, audio recordings, PDFs, word-processing files, dealer management system records, and other electronically stored information, together with associated metadata.

9. "All documents" means all documents in your possession, custody, or control, including documents that can be located through reasonably diligent efforts.

10. "Communication" means any oral, written, or electronic transmission of information, including emails, text messages, instant messages, letters, memoranda, notes, submissions, recorded calls, or meetings.

11. "Correspondence" means written or electronic communications, including emails, letters, messages, notices, and memoranda.

12. "Statement" means any recorded or memorialized assertion, declaration, or account, whether written, oral, or electronic, whether sworn or unsworn, including drafts and revisions.

13. A document is within your possession, custody, or control if you have possession of it or the legal right or practical ability to obtain it from another person or entity. If a responsive document is no longer in your possession, custody, or control, identify the document, state the disposition, and identify the person or entity believed to have possession.

14. "Relating to," "related to," or "concerning" mean directly or indirectly referring to, describing, evidencing, constituting, reflecting, analyzing, discussing, mentioning, or having any logical or factual connection with the subject matter.

15. "Person" means any natural person or any legal, business, governmental, or other entity.

16. "Date" means the exact date if known; if not known, provide the best reasonable approximation.

17. "Odometer" means the mileage display, instrument cluster, ECU data, and any mechanical, electronic, or software-based device or system used to record, calculate, store, display, or transmit the mileage of the Subject Vehicle.

18. "Instrument Cluster" means the assembly or module that houses the odometer and mileage display, whether original, replacement, new, used, or refurbished.

19. "Odometer Replacement" means any removal, installation, replacement, repair, servicing, calibration, programming, resetting, alteration, or adjustment of the odometer or instrument cluster, whether performed physically or electronically.

20. "Programming" or "Calibration" means any electronic or software-based process used to set, reset, adjust, synchronize, or alter mileage data in the odometer, instrument cluster, ECU, or related system.

21. "Vendor" or "Service Provider" means any third party retained, authorized, or permitted by Defendant to inspect, repair, service, program, modify, transport, or store the Subject Vehicle.

22. "Dealer Management System" or "DMS" means any electronic system used by Defendant to store, track, manage, or report inventory, sales, service, mileage, pricing, or customer data.

23. "Access" means physical or electronic ability to enter, service, modify, program, or otherwise interact with the Subject Vehicle or its odometer systems.

24. "Chain of Custody" means the physical location of the Subject Vehicle and the identity of persons or entities with possession or access to it from Acquisition through Sale.

25. "Regulatory Communication" means any communication, submission, explanation, response, or document provided to or received from any governmental or quasi-governmental agency, including the Florida Department of Highway Safety and Motor Vehicles.

26. The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to give full effect to these requests.

27. The terms "any" and "all" shall be construed broadly to include each and every responsive item.

28. The singular includes the plural and vice versa, and the present tense includes the past tense.

29. These requests are continuing in nature. If additional responsive information is discovered after production, it shall be produced promptly.

## RELEVANT TIME PERIOD

The relevant time period for each request in Schedule A and B shall be the period of time from January 1, 2024 to the present.

## SCHEDULE A

## MATTERS OF EXAMINATION

Pursuant to Rule 30(b)(6), Federal Rules of Civil Procedure, LUX SEVEN AUTO SALES, CORP., d/b/a POWERHOUSE AUTOMOTIVE is required to designate one or more officers, directors, managing agents or other persons consenting to testify, who are designated to do so, concerning the following issues:

1. The corporate structure of Defendant and the roles, responsibilities, and authority of its officers, including Luis Nunez.

2. The role, authority, decision-making responsibilities, and actions of Luis Nunez relating to vehicle acquisition, odometer compliance, sales, titling, and regulatory communications.

3. Defendant's employee training, procedures, standards, and continuing education applicable to vehicle acquisition, advertising, sales, odometer disclosures, financing, and title transfers.

4. Defendant's policies and practices regarding recordkeeping, deal file creation, and storage of documents and electronically stored information.

5. Defendant's dispute and complaint history, including lawsuits, arbitrations, state agency complaints, and consumer complaints, to the extent relating to vehicle sales, mileage, odometer issues, or disclosures.

6. The employment roles and responsibilities of all employees or agents involved in the acquisition, marketing, sale, financing, or titling of the Subject Vehicle.

7. Defendant's inventory acquisition policies and procedures, including auction purchases and trade-ins.

8. Defendant's general pre-sale practices, including inspections, reconditioning, repairs, modifications, and odometer-related work performed after acquisition and before resale.

9. Defendant's policies and standards governing the advertising and marketing of vehicles.

10. Defendant's general sales process, including representations made to customers during vehicle sales.

11. Defendant's form documents used in the sale and financing of motor vehicles.

12. Defendant's post-sale policies and procedures, including handling of customer complaints and regulatory inquiries.

13. Defendant's acquisition of the Subject Vehicle, including the source, timing, and mileage reflected at acquisition.

14. All pre-sale inspections, repairs, servicing, reconditioning, or modifications performed on the Subject Vehicle.

15. Any removal, replacement, programming, servicing, or alteration of the odometer or instrument cluster of the Subject Vehicle.

16. The advertisement and marketing of the Subject Vehicle.

17. All sales attempts and the eventual sale of the Subject Vehicle to Plaintiff.

18. All representations made to Plaintiff regarding the Subject Vehicle, including mileage representations.

19. The financing of Plaintiff's purchase of the Subject Vehicle.

20. The calculation of all figures and dollar amounts listed on purchase, sale, or finance documents for the Subject Vehicle.

21. The preparation of documents used to transfer title to the Subject Vehicle to Plaintiff, including odometer disclosures.

22. The documents Defendant prepared or submitted to effectuate the transfer of title to Plaintiff.

23. All complaints or disputes relating to the Subject Vehicle, including Plaintiff's complaint.

24. All communications with any person or entity relating to the Subject Vehicle or its sale, including communications with the Florida Department of Highway Safety and Motor Vehicles.

25. Post-sale issues relating to the Subject Vehicle or Plaintiff's purchase or financing.

26. The allegations set forth in the Complaint.

27. The factual basis for any denial of any allegation in the Complaint.

28. The facts, witnesses, and documents supporting Defendant's defenses.

29. The actions taken by Defendant or Luis Nunez to explain, justify, or address the mileage discrepancy in the Subject Vehicle.

30. Defendant's knowledge that mileage affects the value and marketability of used vehicles.

31. Any financial benefit Defendant derived from selling the Subject Vehicle with the mileage disclosed at sale.

32. The preparation undertaken by Defendant to testify on its behalf for this deposition.

33. The physical handling and custody of the Subject Vehicle at the time the odometer was allegedly replaced, including where the vehicle was located and who had access to it.

34. The identity, qualifications, and role of any person who removed, installed, programmed, calibrated, or serviced the odometer or instrument cluster of the Subject Vehicle.

35. The source of the replacement odometer or instrument cluster, including how it was obtained and whether it was new or used.

36. Any programming, calibration, or mileage-setting procedures performed on the replacement odometer or instrument cluster.

37. Any diagnostic tools, software, or equipment used to program or alter the odometer or instrument cluster.

38. Any policies or procedures governing odometer or instrument cluster replacement at Defendant's dealership.

39. Any training provided to employees or agents concerning odometer replacement or mileage programming.

40. Any records, logs, or electronic data generated by programming, calibrating, or installing the replacement odometer or instrument cluster.

41. Any inspection, verification, or quality-control steps taken after the odometer replacement.

42. Any internal review, discussion, or concern raised regarding the legality or accuracy of the odometer replacement.

43. Any prior instances in which Defendant replaced odometers or instrument clusters in other vehicles during the relevant period.

44. Any communications regarding whether the odometer replacement complied with federal or state law.

45. Any steps taken to preserve, discard, or dispose of the original odometer or instrument cluster.

## **SCHEDULE B**

## **DUCES TECUM**

PLEASE TAKE FURTHER NOTICE that the designated representative(s) of Defendant LUX SEVEN AUTO SALES, CORP., must bring the following documents with them to the deposition:

1. Any documents relied upon when preparing for this deposition.

2. All documents relating to Defendant's acquisition of the Subject Vehicle, including auction records, titles, bills of sale, mileage disclosures, photographs, and condition reports.

3. All documents reflecting the mileage of the Subject Vehicle at acquisition and during Defendant's possession.

4. All documents relating to Defendant's possession, custody, and control of the Subject Vehicle from acquisition through sale.

5. All intake, inspection, reconditioning, repair, service, or modification records for the Subject Vehicle while in Defendant's possession.

6. All documents relating to any removal, replacement, programming, calibration, or alteration of the odometer or instrument cluster of the Subject Vehicle.

7. All invoices, work orders, receipts, or communications relating to odometer or instrument cluster work on the Subject Vehicle, including documents referencing HEC MAR AUTO SERVICES or Gardner Auto Parts.

8. All documents reflecting compliance or attempted compliance with federal odometer replacement requirements, including notices, labels, or mileage programming records.

9. All advertisements or marketing materials used to offer the Subject Vehicle for sale.

10. All sales documents for the Subject Vehicle, including buyer's orders, purchase agreements, odometer disclosures, and title applications.

11. The complete deal file or deal jacket for the sale of the Subject Vehicle.

12. All documents relating to the financing of Plaintiff's purchase of the Subject Vehicle, including retail installment contracts and lender communications.

13. All communications between Defendant and Plaintiff relating to the Subject Vehicle.

14. All communications between Defendant and any third party relating to the mileage, odometer, sale, or financing of the Subject Vehicle.

15. All documents submitted to, received from, or exchanged with the Florida Department of Highway Safety and Motor Vehicles relating to the Subject Vehicle or Plaintiff's complaint.

16. All internal communications relating to the mileage discrepancy, odometer condition, or regulatory response for the Subject Vehicle.

17. All documents reflecting Defendant's policies or procedures regarding odometer disclosures or odometer replacements during the relevant period.

18. All documents sufficient to show the financial outcome of the sale of the Subject Vehicle to Defendant.

19. All documents Defendant relies upon to support any denial of the allegations in the Complaint or any affirmative defense.

Respectfully submitted January 20, 2026, by:

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685
Email: Josh@sueyourdealer.com
**SUE YOUR DEALER – A LAW FIRM**
4601 Sheridan Street
Suite 205
Hollywood, Florida 33021
Tel: (954) 228-5674
Fax: (954) 697-0357
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 20, 2026, I served the foregoing Notice of Taking Deposition via e-mail to the following counsel of record:

Byron Acosta, Esq.
FL Bar No.: 1039193
**Byron Acosta, P.A.**
2393 S. Congress Ave
Suite 207
West Palm Beach, FL 33406
*Counsel for Defendant,*
*LUX SEVEN AUTO SALES, CORP. and LUIS NUNEZ*

/s/ Joshua E. Feygin
**JOSHUA FEYGIN, ESQ.**
FL Bar No.: 124685