UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:25-cv-2530

MARIA C. RODRIGUEZ,

    Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and LUIS NUNEZ, an individual

    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR SANCTIONS, AND DEFENDANTS' MOTION TO RECONSIDER THE COURT'S MARCH 5, 2026 ORDER**

Defendants, LUX SEVEN AUTO SALES, CORP. ("Lux") and LUIS NUNEZ ("Nunez") (hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby file this Response to the Plaintiff's Motion to Compel Discovery Responses and for Sanctions and Defendant's Motion for Reconsideration, and in support thereof state as follows:

**BACKGROUND**

1. On December 16, 2025, Plaintiff served on Defendant Plaintiff's First Set of Interrogatories, Plaintiff's First Set of Requests for Production, and Plaintiff's First Set of Requests for Admissions to counsel for Defendant.

2. Counsel for both parties agreed to an extension of time to respond, extending the deadline to February 21, 2026, and then once more to March 3, 2026.

1

3. On March 4, 2026, Plaintiff filed the instant Motion to Compel Discovery Responses and for Sanctions.

4. On March 4, 2026, counsel for Defendant provided the discovery sought by Plaintiff and served it via email to counsel for Plaintiff and complied with the terms of the agreement, albeit the day after the second extended deadline of March 3, 2026.

5. Plaintiff's Motion argues that Defendant's willful noncompliance has caused concrete and immediate prejudice, due to the upcoming deposition of Lux Seven's corporate representative scheduled for March 10, 2026, and the need for the materials prior to that deposition.

6. On March 5, 2026, the Court entered an Endorsed Order granting Plaintiff's Motion to Compel and scheduling a hearing on reasonable expenses on March 26, 2026.

7. Because Defendant had already served the discovery responses on March 4, 2026, the discovery sought in Plaintiff's Motion had already been produced by the time the Court entered its Endorsed Order.

## LEGAL MEMORANDUM

8. Federal Rule of Civil Procedure 37(a)(5)(A) provides that sanctions may be imposed against the party or counsel necessitating the motion to pay the movant's reasonable expenses incurred in making the motion if a motion to compel is granted (or if a party provides discovery after the motion is filed) *after giving the party an opportunity to be heard*, unless the failure was substantially justified or other circumstances make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii)–(iii) (emphasis added).

9. The Court's March 5, 2026, Endorsed Order appears to grant Plaintiff's Motion to Compel but does not clearly indicate whether sanctions were awarded or whether the issue of

expenses will be addressed at the March 26, 2026, hearing. To the extent the Court intends to determine sanctions at that hearing, Defendants respectfully submit that sanctions are not warranted under Rule 37(a)(5)(A). However, if the Endorsed Order is construed as already awarding sanctions, Defendants respectfully request reconsideration so that Defendants may be afforded the opportunity to be heard on March 26, 2026, as contemplated by Rule 37(a)(5)(A).

10. A court has wide latitude in imposing sanctions for failure to comply with discovery. *See Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc.*, 2013 U.S. Dist. LEXIS 92904, 2013 WL 3353319, *4 (M.D. Fla. July 2, 2013).

11. In *Whitwam v. JetCard Plus, Inc.*, the Southern District Court refrained from imposing Rule 37(a)(5) costs on a defendant for a two business-day delay when there was no evidence of prejudice to the Plaintiff, and the Defendant produced materials responsive to the requested discovery. *See Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015).

12. Similarly, here, Defendant respectfully submits that sanctions are not warranted because discovery responses were served on March 4, 2026, a single day after the second discovery deadline, and the delay was minimal.

13. No actual prejudice has occurred, as Plaintiff retains ample and sufficient time to prepare for the upcoming deposition and utilize the produced discovery.

14. Moreover, the late disclosure was not motivated by willful noncompliance with the Court's Rules and procedures.

15. Given that Defendant served the discovery responses the day after the agreed extended deadline, and there is no indication of prejudice or willful noncompliance, the language

    in Rule 37(a)(5)(A)(iii) providing for "other circumstances" weighs against the imposition of sanctions under Rule 37.

16. Pursuant to Fed. R. Civ. P. Rule 54(b), a U.S. District Court has the authority to revise at any time any interlocutory orders, including those granting sanctions under Rule 37(a)(5)(A).

17. The Eleventh Circuit has also held that a district has plenary authority to evaluate motions to reconsider a non-final order under Rule 54(b). *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1379-80 (11th Cir. 2024).

18. Defendants respectfully submit that no sanctions should be imposed before the hearing, affording them an opportunity to be heard consistent with Rule 37(a)(5)(A), and to the extent the Court's Endorsed Order is construed as having already granted sanctions, Defendants respectfully request reconsideration of that determination pursuant to Rule 54(b).

19. Alternatively, if the Court's Endorsed Order is construed as only granting Plaintiff's Motion in part, Defendants request clarification from the Court via written order as to which portion of the Plaintiff's Motion is granted. Plaintiff's Motion to Compel argues that the Admissions are automatically admitted pursuant to Fed. R. Civ. P. 36(a)(3), however, the Court's Endorsed Order did not treat the Requests for Admission as conclusively admitted because the Order allows for Defendants to provide discovery responses by March 16, 2026.

20. Because the Endorsed Order does not expressly state whether Plaintiff's Motion to Compel was granted in full or in part, Defendants alternatively respectfully request clarification as to the scope of the Court's ruling.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny the relief requested in Plaintiff's Motion to Compel and for Sanctions, reconsider the Endorsed Order granting Plaintiff's Motion to Compel as the discovery responses are moot in light of the fact that they were provided on March 4, 2026, provide a written Order clarifying the ruling of the Endorsed Order entered into on March 5, 2026, and grant any further relief as this Court deems just and proper.

DATED this 5 March 2026.

Respectfully Submitted,

**LAW OFFICE OF BYRON ACOSTA, P.A.**
*Counsel for Defendants*
2393 S. Congress Ave, Suite 207
West Palm Beach, Florida 33406
Tel.: (561) 805-3580
Fax: (561) 805-3601

By: /s/ *Byron Acosta*

Byron Acosta, Esq.
Florida Bar No. 1039193

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically served on March 5, 2026, through the court's e-filing portal on CM/ECF with the Clerk of Court, which will serve an electronic copy to JOSHUA FEYGIN, 4601 Sheridan St, #205, Hollywood, FL 33021. josh@sueyourdealer.com

/s/ *Byron Acosta, Esq.*
Byron Acosta, Esquire (1039193)
byron@byronacostalaw.com
Florida Bar. No. 1039193
BYRON ACOSTA, P.A.
Attorney for Defendants
2393 S Congress Ave
West Palm Beach, FL 33406
Phone: 561-805-3580
Fax: 561-805-3601