UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA C. RODRIQUEZ,

     Plaintiff,

v.                                 Case No.:  8:25-cv-02530-JSM-LSG

LUX SEVEN AUTO SALES, CORP.,
AND LUIS NUNEZ,

     Defendants,

                                        /

## ORDER

The defendant Lux Seven Auto Sales, Corp., responds to the plaintiff's motion to compel and explains that defense counsel inadvertently sent the defendant's outstanding discovery response "to the wrong attorney's office" on March 4, 2026, the day that Rodriguez filed her motion to compel. Doc. 34, ¶ 4. A March 5, 2026, order granted the motion to compel and scheduled a hearing on reasonable expenses for March 26, 2026. Doc. 27. The same day, Lux Seven Auto Sales corrected its error and sent the discovery to plaintiff's counsel. Doc. 34, ¶ 4. The defendant moves unopposed for reconsideration of the March 5, 2026, order granting the motion to compel, explains that the parties resolved the discovery dispute, and requests to cancel the March 26, 2026, hearing.[1] Doc. 34 at 2-3.

---

[1] I construe the amended response to the plaintiff's motion to compel discovery, Doc. 34, and the request to cancel the March 26, 2026, hearing as an unopposed amended motion for reconsideration. *See* FED. R. CIV. P. 7(b)(1) ("A request for a court order must be made by motion."); Local Rule 3.01(b) ("A motion must include . . . a concise statement of the precise relief

1

Under Rule 37(a)(5)(A), a noncompliant party, attorney, or both, must pay the opposing party's reasonable expenses, including an attorney's fee (1) if the motion to compel is granted or (2) if the disclosure or requested discovery is provided after the filing of the motion. However, no sanction may occur (i) if the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) if the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) if other circumstances make an award of expenses unjust. *Id.*; *see also Commerce First Fin., LLC v. Summerlin Bass, LLC*, No. 2:10–CV–290–CEH–DNF, 2011 WL 13141496, at *2 (M.D. Fla. June 16, 2011).

Here, the parties have resolved their discovery dispute and Rodriguez's request for sanctions. Doc. 34, ¶¶ 6-7; Doc. 34-1. Lux Seven Auto Sales agrees to pay Rodriguez $500.00 for reasonable expenses, which includes a reasonable attorney's fee for the plaintiff's filing the motion to compel. Doc. 34-1. The parties agree that the lodestar amount is $500.00, which is based on a rate of $500.00 an hour and one hour of work to prepare the motion. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299, 1301 (11th Cir. 1988) ("[T]he lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended[.]").

Accordingly, the unopposed, amended motion for reconsideration is **GRANTED**. Doc. 34. The defendant Lux Seven Auto Sales, Corp., must pay the

---

requested, a statement of the basis for the request, and a legal memorandum supporting the request. If the interested parties agree to the relief sought in a motion, the title must include 'unopposed.'").

plaintiff Maria C. Rodriguez reasonable expenses of $500.00, which represents the reasonable attorney's fee that Rodriguez incurred in moving to compel. The payment is abated until the final resolution of this action, at which time the defendant's payment is due, unless otherwise resolved by the parties. The March 26, 2026, hearing is **CANCELED**.

      **ORDERED** in Tampa, Florida, on this 19th day of March, 2026.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

3