UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:25-cv-2530

MARIA C. RODRIGUEZ,

     Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP.,
A Florida Profit Corporation, and LUIS
NUNEZ, an individual

     Defendants.

**DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**

Defendants, LUX SEVEN AUTO SALES, CORP. ("Lux") and LUIS NUNEZ ("Nunez")

(hereinafter collectively referred to as "Defendants"), by and through undersigned counsel, hereby

file this Motion for Leave to File a Third-Party Complaint, and in support thereof state as follows:

**INTRODUCTION**

1. On September 19, 2025, Plaintiff initiated the present action against Defendants, asserting

   claims under the Federal Odometer Act.

2. It is Defendants' position that third parties, including Hec Mar Auto Services Corp and

   Roiler Sehara Rodriguez, the mechanic and corporation who Defendants allege performed

   the labor on the odometer at issue, and Yoisbel Perez, an individual who orchestrated the

   transaction between the parties and procured Plaintiff as a buyer, may be liable for all or

   any part of any liability assessed against Defendants.

1

## **FACTUAL BACKGROUND**

3. Prior to the sale of the vehicle at issue on this case on February 2025, Defendants entered into an oral agreement with Yoisbel Perez, under which Defendants would purchase a vehicle at auction with Perez and subsequently transfer the title of the vehicle to Perez.

4. Pursuant to that oral understanding between the parties, Lux Seven purchased the vehicle at issue at auction on or about November 2024. Once the sale was completed, Defendants turned over possession of the vehicle to Perez and thereafter attempted to communicate with Perez regarding the title transfer, but Perez failed to respond.

5. Defendants attempted repeatedly to contact Perez in order to finalize the title transfer, but Perez failed to communicate, effectively preventing Defendants from retrieving the vehicle or completing the transfer. During this time, Perez retained possession of the vehicle.

6. Some time later, Perez communicated to Defendants that he had procured a buyer for the vehicle, the Plaintiff in this case. Perez initiated the sale and oversaw the communications related to the transaction. Perez indicated to Defendants that he did not want the title transferred to him anymore, and instead proposed that Defendants take possession of the vehicle and sell it to Plaintiff.

7. Perez engaged a mechanic and auto services company, Roiler Sehara Rodriguez and Hec Mar Auto Services Corp., to perform services on the vehicle, including odometer work. After the labor on the vehicle was completed, Perez maintained possession of the vehicle until it was brought to Lux Seven for completion of the sale to Plaintiff.

8. Lux Seven only retained brief possession of the vehicle for the purposes of completing the sale.

9. Upon completion of the sale on or about February 7, 2025, Lux Seven remitted to Perez all proceeds of the transaction, less applicable sales tax.

10. Following the sale, Plaintiff initiated a small claims proceeding in the Small Claims Division of the Palm Beach County Court against Yoisbel Perez, filed on April 3, 2025, and subsequently amended on May 13, 2025. The case number is 2025-SC-005802. *See Exhibit A.*

11. In that proceeding, Plaintiff alleged that she was defrauded by Yoisbel Perez, including that he had tampered with the odometer. *See Exhibit A.* The small claims action was eventually dismissed by the Court without prejudice.

12. Based on the foregoing, Defendants assert that Perez, Sehara, and Hec Mar Auto Services Corp bear responsibility for all or part of any liability assessed against Defendants in this action. The involvement of Perez, Sehara, and Hec Mar Auto Services Corp in the chain of sale and alleged odometer alterations is central to Plaintiff's claims against Defendants.

13. Pursuant to the Court's Case Management Order, the deadline to join additional parties is April 10, 2026. Accordingly, this Motion is timely.

## **LEGAL STANDARD**

14. Federal Rule of Civil Procedure 14 allows a defending party to bring in a third-party who may be liable for all or part of the plaintiff's claim, provided that the third-party plaintiff obtains leave of court by motion if filed more than 14 days after serving its original answer. *See* Fed R. Civ. P. 14(a)(1).

15. By its plain terms, Rule 14 requires a third-party defendant to be either liable or potentially liable to the defendant in the main action "for all or part of the claim against it." *See*

*Produce Pay, Inc. v. Agrosale, Inc.*, 533 F. Supp 3d 1140, 1148 (S.D. Fla. 2021) (citing Fed. R. Civ. P. 14(a)(1)).

16. Impleader is appropriate when the third-party defendant's potential liability depends on the outcome of the main claim. *See Osorio v. State Farm Bank, F.S.B.*, 278 F.R.D. 671, 673 (S.D. Fla. 2011) (citing *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975)).

17. Impleader, or third-party practice, is only available when the third-party defendant's liability is "secondary to, or a derivative of, the original defendant's liability on the original plaintiff's claim." *See Faser v. Sears, Roebuck & Co.*, 674 F.2d 856, 860 (11th Cir. 1982).

**THIS COURT SHOULD GRANT LEAVE TO IMPLEAD PEREZ AND SEHARA**

18. Allowing Defendants to implead Perez, Sehara, and Hec Mar Auto Services Corp will clarify liability allocation among parties involved in the dispute and ensure all relevant parties are before the Court.

19. In addition, granting this motion will promote judicial economy and prevent piecemeal litigation.

20. Moreover, Defendants' claims against these third parties arise from the same transaction or occurrence that forms the basis of Plaintiff's Complaint.

21. Defendants' third-party complaints will assert claims for contribution, indemnity, or other equitable relief should Defendants be held liable to Plaintiff.

22. Fla. Stat. § 768.31 provides a right of contribution when two or more persons become jointly or severally liable in tort for the same injury to person or property. *See* Fla. Stat. § 768.31(2)(a). The right of contribution exists in a favor of a tortfeasor who pays more than his or her pro rata share of the common liability. *See* Fla. Stat. § 768.31(b). Here, there is

4

a possibility that Defendants will pay more than their pro rata share of common liability if these third parties are not included in the action.

23. "So long as the parties have a common liability to the injured person it is no bar to contribution that liability of the parties rest on different grounds." *Wallace v. Strassel*, 479 So. 2d 231, 233 n.3 (Fla. Dist. Ct. App. 1985) (citing *Armor Elevator Co. v. Elevator Sales & Service, Inc.*, 360 So. 2d 1129 (Fla. Dist. Ct. App. 1978)).

24. Perez, Sehara, and Hec Mar Auto Services Corp bear responsibility for all or part of any liability assessed against Defendants, because Perez orchestrated the sale to Plaintiff, received the proceeds of the sale, and engaged Sehara and Hec Mar Auto Services Corp to perform work on the odometer, which is central to Plaintiff's claims.

25. Even if contribution is not available as a basis, Perez, Sehara, and Hec Mar Auto Services Corp are derivatively liable for Defendants' liability to the Plaintiff.

26. Defendants' potential liability under the Federal Odometer Act is contingent upon the acts or omissions of these third-parties, who had possession of the vehicle and performed and/or directed the odometer-related work.

27. Because Defendants' exposure to Plaintiff's claim is derivative of these third parties' conduct, they would be properly impleaded as third-party defendants.

**WHEREFORE**, Defendants respectfully request that this Honorable Court grant leave to file a third-party complaint against Roiler Sehara, Hec Mar Auto Services Corp, and Yoisbel Perez, and grant any further relief as this Court deems just and proper.

DATED this 10 April 2026.

5

Respectfully Submitted,

**LAW OFFICE OF BYRON ACOSTA, P.A.**
*Counsel for Defendants*
2393 S. Congress Ave, Suite 207
West Palm Beach, Florida 33406
Tel.: (561) 805-3580
Fax: (561) 805-3601

By: /s/ *Byron Acosta*

Byron Acosta, Esq.
Florida Bar No. 1039193

## CERTIFICATE OF CONFERRAL

Defendants' counsel hereby certifies that he attempted to confer with Plaintiff's counsel, Joshua Feygin, Esq., via email, josh@sueyourdealer.com, on March 9th, 2026, but received no response via email. Defendant's counsel attempted to discuss the motion with Plaintiff's counsel via phone on March 10, 206, but was unable to and left a voicemail.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was electronically served on April 10, 2026, through the court's e-filing portal on CM/ECF with the Clerk of Court, which will serve an electronic copy to JOSHUA FEYGIN, 4601 Sheridan St, #205, Hollywood, FL 33021. josh@sueyourdealer.com.

/s/ *Byron Acosta, Esq.*
Byron Acosta, Esquire (1039193)
byron@byronacostalaw.com
Florida Bar. No. 1039193
BYRON ACOSTA, P.A.
Attorney for Defendants
2393 S Congress Ave
West Palm Beach, FL 33406
Phone: 561-805-3580
Fax: 561-805-3601

6

Amended

**EXHIBIT A**

**IN THE SMALL CLAIMS DIVISION OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA**

Case No.: **2025 SC 005802**

Maria C. Rodriguez
_____
**Plaintiff(s)**

vs. Defendant 1: Yaisbel Perez
AKA Maikel Pereira

Defendant 2: _____

Defendant's Address:
101 Granada Drive
lake woorth beach, Fl. 3361

Defendant's Address:
_____
_____

**STATEMENT OF CLAIM**

Plaintiff(s) sue(s) the Defendant(s) for damages which do not exceed $8,000.00 exclusive of costs and interest for (check one category below):

[___] **Auto Accident** occurring on or about _____ in the vicinity of _____, in _____ County, Florida caused by the negligent operation of a vehicle operated by _____ and owned by _____ resulting in damages described below.

[___] **Goods Sold** by Plaintiff; goods and prices and credits listed below.

[___] **Work Done** and materials furnished; time and materials, showing charges and credits, listed below.

[___] **Money Lent** to defendant on _____ with interest owed since _____.

[___] **Promissory Note** executed on _____, copy attached; defendant failed to either pay the note or an installment payment, and interest is owed since _____, plus attorney's fees.

[___] **Account Stated** for an agreed balance owed on business transactions between the parties, the Defendant did not object to the statement of account presented a copy of which is attached.

[___] **Other Claim** – Please specify: _____.

Explain below the details (what happened, dates, times, place, etc.) of your claim. This section must be completed. Attach additional pages if needed.
Mr. Perez scam me and also did fraud. by change the mileage on the vehicle. I tried to served him twice. and He's refusing to sign the papers.

[___] Attached is a copy of any written document(s) that is that basis of this claim.

WHEREFORE, the Plaintiff(s) demand judgment in the principal sum of $ | 7,999 |
Plus costs, if known, (summons, service) in the amount of $ | |
Plus interest in the amount of $ | |
TOTAL $ | 7,999 |

Plaintiff Address:
4330 Community Dr.
# 114
WPB, Fl. 33409
Telephone No.: (561)729-5776
E-mail Address(es): Carmen282561@gmail.com

Date: 4/3/25
_____
Signature of Plaintiff(s)
maria c. Rodriguez
Print name of Plaintiff(s)

_____
Title (if applicable)

Self Service Packet #46 (Page 14 of 23)        Small Claims - Statement of Claim (03/20), Page 1 of 1

NOT ACCEPTED COPY