UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA C. RODRIGUEZ,

     Plaintiff,

v.                             Case No: 8:25-cv-2530-JSM-LSG

LUX SEVEN AUTO SALES, CORP., a
Florida Profit Corporation and LUIS
NUNEZ, an individual,

     Defendants.

_____

## ORDER

THIS CAUSE comes before the Court on Defendants' Motion for Leave to File Third-Party Complaint (Dkt. 37).   The Court, having reviewed the relevant filings and being otherwise advised in the premises, concludes that the motion should be denied because the Federal Odometer Act contains no contribution provision, and Congress has not authorized courts to create one.   Therefore, there is no basis to implead a third party.

## DISCUSSION

Defendants Lux Seven Auto Sales, Corp. ("Lux") and Luis Nunez ("Nunez") (collectively, "Defendants") move for leave to file a third-party complaint against Yoisbel Perez, Roiler Sehara Rodriguez, and Hec Mar Auto Services Corp., seeking to implead these individuals and entities as parties purportedly responsible for the odometer tampering at the heart of this case.   For the reasons stated in Plaintiff's response, the Court agrees that the motion should be denied because the substantive right upon which it depends (contribution) does not exist in this context.

Specifically, this is a federal question case.   Plaintiff Maria C. Rodriguez brings her claims exclusively under the Federal Odometer Act, 49 U.S.C. §§ 32701 et seq.   There are no state law claims.   The relevant facts are that on November 19, 2024, Lux purchased a 2018 Ford Escape, VIN ending in 36888 (the "Subject Vehicle"), from Insurance Auto Auctions ("IAAI").   The Florida title and IAAI paperwork executed at the time of acquisition annotated the odometer at 156,560 miles.   IAAI photographs confirmed a reading of 156,560 miles.

Defendant Lux placed the Subject Vehicle into its exclusive care, custody, and control following acquisition.   On February 7, 2025, Lux transferred the Subject Vehicle to Plaintiff.   The odometer disclosure statement and all related sale documents reflected a mileage of 72,576 miles, a reduction of approximately 83,984 miles from the mileage documented at acquisition.   Nunez personally signed the title transfer on behalf of Lux. Within five days of the purchase, the engine became inoperable.

As Plaintiff points out, the Federal Odometer Act contains no contribution provision.   The Federal Odometer Act, 49 U.S.C. §§ 32701-32711, is entirely silent on contribution.   Congress created a specific liability and remedial framework providing for treble damages or $10,000 per violation, whichever is greater, plus attorney's fees, directed at persons who violate the Act with intent to defraud.   49 U.S.C. § 32710(a).   It created no contribution mechanism.   While the Eleventh Circuit has not addressed this issue, other courts have held that the Federal Odometer Act indicates no intent to permit contribution. *See Stier v. Park Pontiac, Inc.*, 391 F. Supp. 397 (S.D. W. Va. 1975); *Mataya v. Behm*

2

*Motors, Inc.*, 409 F. Supp. 65 (E.D. Wis. 1976); *Charnetsky v. Gus Paulos Chevrolet, Inc.,* 754 F. Supp. 188 (D. Utah 1991); *Ferris v. Haymore*, 967 F.2d 946, 957-58 (4th Cir. 1992).

Also, the state contribution statute upon which Defendants rely—Florida's Uniform Contribution Among Tortfeasors Act, Fla. Stat. § 768.31—has no application in a federal statutory case with no state law claims.

Finally, beyond the contribution question, Defendants' motion fails Rule 14's requirement that a proposed third-party defendant be derivatively liable to the defendant for the plaintiff's claim against it.   This is because impleader is available only when the third party's liability is secondary to and dependent upon the outcome of the defendant's own liability to the plaintiff.   Defendants' motion does not satisfy that standard. Defendants' factual narrative, that Perez orchestrated the transaction, Sehara performed the odometer work, and Lux merely completed the paperwork, is not a contribution theory; it is an assertion that Lux is not liable at all.   That is a defense, not a basis for impleader, especially in a federal question case that does not implicate Florida tort law on contribution.

In sum, neither the Federal Odometer Act nor federal common law provide a right of contribution.   So, Defendants' motion is without merit.

It is therefore ORDERED AND ADJUDGED that:

1.  Defendants' Motion for Leave to File Third-Party Complaint (Dkt. 37) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this April 29, 2026.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3