**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARIA C. RODRIGUEZ,                                    CASE NO.: 8:25-cv-02530-JSM-
an individual,                                                   LSG

      Plaintiff,

v.

LUX SEVEN AUTO SALES, CORP.,
a Florida Profit Corporation, and
LUIS NUNEZ, an individual,

      Defendants.

_____/

**JOINT MOTION TO STAY PROCEEDINGS PENDING**
**CONSUMMATION OF SETTLEMENT, OR, IN THE ALTERNATIVE,**
**TO DISMISS WITH THE COURT RETAINING JURISDICTION**

Plaintiff, MARIA C. RODRIGUEZ, and Defendants, LUX SEVEN AUTO SALES, CORP. and LUIS NUNEZ (collectively, the "Parties"), by and through their respective undersigned counsel, jointly move this Court, pursuant to its inherent authority to control its own docket, for the entry of an Order staying and administratively closing this action for a period of eleven (11) months pending the Parties' consummation of the terms of their executed settlement agreement, and retaining jurisdiction to enforce that agreement. In the alternative, the Parties jointly request that the Court dismiss this action while expressly retaining jurisdiction to enforce the settlement agreement pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). In support, the Parties state as follows:

**1. The Parties Have Reached a Settlement.**

The Parties have negotiated and executed a written settlement agreement that fully resolves all claims asserted in this action. The settlement provides for the payment of an agreed sum by Defendants to Plaintiff over a defined period, in an initial payment followed by nine (9) consecutive monthly installments, together with related terms including a mutual release and a stipulated judgment enforcement mechanism in the event of an uncured default.

**2. The Court Should Stay and Administratively Close This Action Pending Consummation of the Settlement.**

A district court possesses the inherent authority to stay proceedings on its own docket. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). That power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Eleventh Circuit has recognized that "a variety of circumstances may justify a district court stay," including a stay entered "as a means of controlling the district court's docket and of managing cases before the district court." *Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).

The stay requested here falls comfortably within that authority. It is sought jointly, for the discrete and legitimate purpose of permitting the Parties to perform an executed settlement, and it is limited in duration. Because Defendants' payment obligations extend over a period of approximately ten (10) to eleven (11) months, a stay accompanied by administrative closure holds the case in abeyance only for so long as is reasonably necessary for the settlement to be performed, and conserves the resources of the Parties and the Court by avoiding continued active litigation of a fully resolved dispute.

The requested stay is not "immoderate": it is "framed in its inception [so] that its force will be spent within reasonable limits," *Landis*, 299 U.S. at 255, and it is bounded by a defined term tied directly to the settlement's payment schedule, *see Ortega Trujillo*, 221 F.3d at 1264 (a district court "must limit properly the scope of a stay" and a stay "must not be immoderate"). Because the stay is definite in length and directed at the efficient disposition of this case, it presents none of the concerns that render a stay an abuse of discretion. Administrative closure is an appropriate docket-management tool that does not terminate the action or divest the Court of jurisdiction, and it permits the case to be reopened as needed, including to enforce the settlement or to enter the agreed stipulated judgment upon an uncured default.

### 3.  In the Alternative, the Court Should Dismiss This Action While Expressly Retaining Jurisdiction to Enforce the Settlement.

Should the Court prefer to dismiss the action rather than stay it, the Parties jointly request that any such dismissal be accompanied by an order expressly retaining jurisdiction to enforce the settlement agreement. A district court does not automatically retain jurisdiction to enforce a settlement following dismissal; "enforcement of [a] settlement agreement … is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). A court may, however, preserve that enforcement power by "embody[ing] the settlement contract in its dismissal order" or by "a separate provision … retain[ing] jurisdiction over the settlement contract." *Id.* at 381.

The Eleventh Circuit requires that such an order be entered *before* any dismissal becomes effective; where parties dismiss by stipulation, a purported reservation of jurisdiction by the parties' agreement alone is insufficient. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280–81 (11th Cir. 2012) (holding that, following a self-executing Rule 41(a)(1)(A)(ii) stipulation of dismissal, the district court "did not retain jurisdiction to enforce the Settlement Agreement"

because it "issued no such order before the case was dismissed"). Accordingly, if the Court elects to dismiss, the Parties respectfully request that the Court enter an order that expressly retains jurisdiction to enforce the settlement agreement, including to enter the agreed stipulated judgment upon an uncured default, and that any dismissal be conditioned upon, and effective only following, entry of that order, so that the Court's enforcement authority is preserved consistent with *Kokkonen* and *Anago*.

### 4.  Settlement Is Favored and the Requested Relief Serves Judicial Economy.

Federal courts favor the settlement of disputes as a means of conserving judicial resources. The relief requested, whether by stay or by dismissal with retained jurisdiction, furthers that policy by allowing the Parties to complete performance of their agreement without expending further party or judicial resources on active litigation, while preserving the Court's ability to enforce the settlement. Should Defendants fully perform, the Parties will promptly file a stipulation of dismissal with prejudice; should an uncured default occur, the retained jurisdiction requested herein will permit prompt enforcement of the settlement, including entry of the stipulated judgment to which the Parties have agreed.

### 5.  The Requested Relief.

The Parties jointly and respectfully request that the Court enter an Order: (a) staying all proceedings and deadlines in this action and administratively closing the case for a period of eleven (11) months; (b) retaining jurisdiction to enforce the Parties' settlement agreement, including entry of a stipulated judgment upon an uncured default; and (c) directing the Parties to file a stipulation of dismissal with prejudice within eleven (11) months, or to move to reopen the case for good cause, including for the purpose of enforcing the settlement. In the alternative, should the Court prefer to dismiss the action rather than stay it, the Parties request that the Court enter an Order dismissing this action while expressly retaining jurisdiction to enforce the settlement agreement,

including entry of a stipulated judgment upon an uncured default, with any such dismissal to be effective only following entry of the order retaining jurisdiction.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order staying and administratively closing this action for a period of eleven (11) months and retaining jurisdiction to enforce the Parties' settlement agreement and to enter a stipulated judgment upon an uncured default; or, in the alternative, dismissing this action while expressly retaining jurisdiction to enforce the settlement agreement and to enter a stipulated judgment upon an uncured default; and granting such further relief as the Court deems just and proper.

**LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel for Plaintiff certifies that, pursuant to Local Rule 3.01(g), counsel for the Parties have conferred regarding the relief sought in this Motion, and that Defendants, through their counsel, agree to the relief requested herein. This Motion is therefore filed jointly and on an agreed basis.

Dated: July 17, 2026

Respectfully submitted,                                    Respectfully submitted,

*/s/ Joshua Feygin*                                        */s/ Byron Acosta*
JOSHUA FEYGIN, ESQ.                                        BYRON ACOSTA, ESQ.
Florida Bar No. 124685                                     Florida Bar No. 1039193
SUE YOUR DEALER – A LAW FIRM                               LAW OFFICE OF BYRON ACOSTA, P.A.
4601 Sheridan Street, Suite 205                            2393 S. Congress Ave, Suite 207
Hollywood, FL 33021                                        West Palm Beach, FL 33406
Tel: (954) 228-5674                                        Tel: (561) 805-3580
Fax: (954) 697-0357                                        Fax: (561) 805-3601
josh@sueyourdealer.com                                     byron@byronacostalaw.com
Counsel for Plaintiff                                      Counsel for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 17, 2026, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


*/s/ Joshua Feygin*
JOSHUA FEYGIN, ESQ.